[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11, 2003
THOMAS K. KAHN
CLERK

No. 01-10247

D. C. Docket No. 00-1334-MD-FM

IN RE: HUMANA INC. MANAGED CARE LITIGATION

PRICE PLAINTIFFS, Price, Sessa,
Katz & Yingling, SANDRA JOHNSON, ET AL.,

Plaintiffs-Appellees,

versus

HUMANA INSURANCE COMPANY,
COVENTRY HEALTH CARE OF GEORGIA,
INC., f.k.a. Principal Health
Care of Georgia, Inc., PRINCIPAL
HEALTH CARE, INC., ET AL.,

Defendants,

PACIFICARE HEALTH SYSTEMS, INC.,
PACIFICARE OPERATIONS, INC., ET AL.

Defendants-Appellants.

No. 01-12596

D. C. Docket No. 00-01334-CV-MD-FAM

LEONARD J. KLAY, M.D.,

PRICE PLAINTIFFS, Price, Sessa,
Katz & Yingling, SANDRA JOHNSON,
PATRICIA FREYRE, REGINA JOI PRICE,
ANTHONY SESSA, ARNOLD KATZ, et al.,

Plaintiffs-Appellees,

versus

HUMANA, INC., et al.,

Defendants,

PACIFICARE HEALTH SYSTEMS, INC.,
PACIFICARE OPERATIONS, INC.,

Defendants-Appellants.

---

Appeals from the United States District Court
for the Southern District of Florida

---

**(June 11, 2003)**

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before BARKETT, FAY and WINTER[*], Circuit Judges.

BARKETT, Circuit Judge:

This case comes to us on remand from the Supreme Court of the United

States, see PacifiCare Health Systems, Inc. v. Book, 123 S. Ct. 1531, 1536 (2003),

---

[*] Honorable Ralph K. Winter, United States Circuit Judge for the Second Circuit, sitting by designation.

reversing, in part, our decision in In re Humana Inc. Managed Care Litigation, 285 F.3d 971 (11th Cir. 2002). In Humana, we, inter alia, affirmed the district court's finding that the defendant managed-health-care organizations' arbitration clauses, which specifically prohibited punitive damages, were unenforceable because they precluded the recovery of treble damages under the Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. See In re Humana, 285 F.3d at 973. In affirming the district court, we refused to compel arbitration of the RICO claims. See id. The Supreme Court reversed, concluding that "since we do not know how the arbitrator will construe the [arbitration clauses'] remedial limitations, the questions [of] whether they render the parties' agreements unenforceable and whether it is for courts or arbitrators to decide enforceability in the first instance are unusually abstract [and, therefore,] the proper course is to compel arbitration." PacifiCare, 123 S. Ct. at 1536. Accordingly, we **REVERSE** and **REMAND** to the district court with instructions for further proceedings in accordance with the Supreme Court's decision in PacifiCare. Id.

3