**Manuel I. FERNANDEZ, Jr., Plaintiff,**

v.

**CLEAR CHANNEL BROADCASTING, INC., Defendant.**

No. 03–21262–CIV.

United States District Court, S.D. Florida.

June 24, 2003.

Sharon L. Blake, Esq., Miami, FL, for Plaintiff.

Eric K. Gabrielle, Akerman Senterfitt & Eidson, Ft. Lauderdale, FL, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION

UNGARO–BENAGES, District Judge.

THIS CAUSE came before the Court upon Defendant's Motion to Compel Arbitration, filed May 20, 2003.

THIS COURT has considered the motion, the pertinent portions of the record, and is otherwise fully advised in the premises. On April 28, 2003, Plaintiff filed a three-count complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida, alleging violations of the Fair Labor and Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (counts I and III), and of an oral agreement under state law (count II). On May 19, 2003, Defendant removed the case to this Court, and on May 20, 2003, Defendant filed the present Motion to Compel Arbitration ("Motion"). Plaintiff filed a response to the motion on June 9, 2003 ("Response"), to which Defendant replied on June 19, 2003 ("Reply"). The matter is ripe for disposition.

### FACTUAL BACKGROUND

Plaintiff was employed by Defendant from December 1999 until approximately November 15, 2002. *See* Complaint at 2. On December 23, 1999, the parties entered into an Arbitration Agreement, which covers the claims contained in Plaintiff's complaint. *See* Response 2 ("Defendant contends that the Agreement signed by Plaintiff in December 1999[ ] provides for the arbitration of Plaintiff's claims. Plaintiff agrees."); *see also* Mo-

tion at Tab 1 at 2 ("Arbitration Agreement") (listing claims covered under the agreement). The Arbitration Agreement contains a section regarding discovery, which states:

> Each party at their own expense shall have the right to take up to three (3) depositions unless the arbitrator, on a showing of good cause, approves additional depositions. Each party also shall have the right to require the production of relevant documents from the other party. Unresolved discovery disputes will be presented to the arbitrator for final resolution. All discovery shall be concluded within 45 days from the date the arbitrator is informed of his or her selection.

Arbitration Agreement at 4.

Additionally, the Arbitration Agreement contains two paragraphs regarding "The Law the Arbitrator will Apply," which declares as follows:

> The arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the state in which the state law claim arose, or federal law of the circuit in which the federal law claim arose, or both, as applicable to the claim(s) asserted. The arbitrator is without jurisdiction to apply any different substantive law or law of remedies. The arbitrator may not disregard or alter the Company's rules or policies unless the arbitrator determines that a rule or policy violated existing law at the time of the alleged violation. The arbitration shall be final and binding upon the parties, except as provided in this Agreement.
>
> Each party shall bear his own attorney's fees and other costs not associated with the administration of the arbitration by the AAA. However, if a party is entitled to attorneys' fees under any federal, state or local statute or law, the arbitrator will award those fees pursuant to the governing law, at his/her discretion.

*Id.* at 5.

## LEGAL ANALYSIS

■ Defendant seeks an Order from this Court compelling arbitration of the claims raised by Plaintiff in the complaint, arguing that, by virtue of Arbitration Agreement, Plaintiff's claims are subject to compulsory arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA")[1]. *See* Motion at 3. In reviewing agreements governed by the FAA, the Supreme Court has emphasized that courts must keep in mind that the FAA evinces a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). In *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), the Supreme Court, while upholding an arbitration agreement of plaintiff's claim under the ADEA, stated that "[i]t is by now clear that statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA." *Id.* at 26, 111 S.Ct. 1647. In so holding, the Court concluded that " '[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum.' " *Id.* at 26, 111 S.Ct. 1647 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth,*

1. Title 9 U.S.C. § 3 states in relevant part that [i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which suit is pending ... shall on application of one of the parties stay the trial of the action until such arbitration has been had ....

*Inc.*, 473 U.S. 614, 628, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)). The Court further noted that " '[s]o long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum, the statute will continue to serve both its remedial and deterrent function.' " *Id.* at 28, 111 S.Ct. 1647 (quoting *Mitsubishi Motors*, 473 U.S. at 637, 105 S.Ct. 3346). *Gilmer* thus reaffirms the FAA's presumption in favor of enforcing agreements to arbitrate, even those agreements that cover statutory claims. However, as several courts have noted, this presumption is not without limits. *Shankle v. B–G Maint. Mgmt. of Colorado, Inc.*, 163 F.3d 1230, 1234 (10th Cir.1999) (recognizing FAA presumption in favor of enforcing agreements to arbitrate but "conclud[ing] that it is not without limits."); *Cole v. Burns Int'l Sec. Servs.*, 105 F.3d 1465, 1482 (D.C.Cir.1997) (noting that "*Gilmer* cannot be read as holding that an arbitration agreement is enforceable no matter what rights it waives or what burdens it imposes."). In fact, "[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute. Consequently, courts must ensure that the agreement in question is in fact merely a change of forum and not a relinquishment of an individual's substantive statutory rights." *Bailey v. Ameriquest Mortgage Co.*, 2002 WL 100391 (D.Minn.2002). "This determination, the Supreme Court has observed, must be made on a case by case basis." *Id.* (citing *Gilmer*, 500 U.S. at 33, 111 S.Ct. 1647).

■ Plaintiff argues that the Arbitration Agreement is unenforceable because the Agreement fails "to provide for reasonable discovery," thereby depriving Plaintiff of an adequate forum for vindication of his rights. *See* Response at 6 ("The subject agreement provides for only three depositions and for only 45 days discovery."). This Court disagrees. As the Supreme Court stated in *Gilmer*, "[a]lthough those [discovery] procedures might not be as extensive as in the federal courts, by agreeing to arbitrate, a party 'trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration.' " *Gilmer*, 500 U.S. at 31, 111 S.Ct. 1647. Additionally, Plaintiff has failed to make any showing that the discovery provision contained in the Arbitration Agreement will prove insufficient to allow him a fair opportunity to present his claims. *Id.* Indeed, Plaintiff merely states that his "claims will likely involve the taking of depositions of witnesses from several different departments at Clear Channel and until some of the depositions are taken or preliminary interrogatories and discovery requests are sent out and responded to, Plaintiff may not know all the discovery it needs to take." Response at 6–7. Furthermore, Plaintiff's argument ignores the fact that the Arbitration Agreement in this case explicitly provides that additional depositions may be taken "on a showing of good cause." [2] Arbitration Agreement at 4; *see also Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646 (6th Cir.2003) (approving arbitration agreement limiting employee to three depositions unless a showing of "substantial need" was made); *DeGroff v. MascoTech Forming Technologies Fort Wayne, Inc.*, 179 F.Supp.2d 896, 909 (N.D.Ind.2001) (upholding arbitration agreement that limited plaintiff in Title VII case to one deposition).

■ Plaintiff further argues that the Arbitration Agreement is unenforceable because "the Agreement only provides for attorneys fees in the 'discretion' of the arbitrators" in contravention of the "FLSA

---

**2.** Moreover, pursuant to Plaintiff's request, Defendant has waived the 45–day discovery limitation contained in the Arbitration Agreement. *See* Reply at Tab 4.

[which] provides for a mandatory award of attorney's fees ...." Response at 5. As stated above, the Arbitration Agreement provides that "if a party is entitled to attorneys' fees under any federal, state or local statute or law, the arbitrator will award those fees, pursuant to the governing law, at his/her discretion." Arbitration Agreement at 5. Plaintiff argues that the language "at his/her discretion" renders the Arbitration Agreement unenforceable because it deprives Plaintiff a type of relief that would otherwise be available in court. *See* Response at 5.

Plaintiff's claim that the Arbitration Agreement will deprive him of the mandatory attorney's fees if he succeeds at mediation is premature. In *In re Humana Inc. Managed Care Litigation,* 285 F.3d 971 (11th Cir.2002), the Eleventh Circuit had affirmed the district court's finding that the defendant managed-health-care organizations' arbitration clauses, which specifically prohibited punitive damages, were unenforceable because they precluded the recovery of treble damages under the Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq. See In re Humana,* 285 F.3d at 973. On appeal, the Supreme Court disagreed and found that the terms of the agreements were ambiguous as to whether they actually prevented the arbitrator from awarding treble damages. *See PacifiCare Health Systems, Inc. v. Book,* — U.S. —, —, 123 S.Ct. 1531, 1534, 155 L.Ed.2d 578 (2003). The Supreme Court compelled arbitration, stating that

> we should not, on the basis of "mere speculation" that an arbitrator might interpret these ambiguous agreements in a manner that casts their enforceability into doubt, take upon ourselves the authority to decide the antecedent question

of how the ambiguity is to be resolved. In short, since we do not know how the arbitrator will construe the remedial limitations, the questions whether they render the parties' agreements unenforceable and whether it is for courts or arbitrators to decide enforceability in the first instance are unusually abstract [and, therefore,] the proper course is to compel arbitration.

*Id.*

In this case, it is unclear whether the terms of the Arbitration Agreement actually deprive Plaintiff the mandatory fees provided by the FLSA. *See* 29 U.S.C. § 216(b); *see also Kreager v. Solomon & Flanagan, P.A.,* 775 F.2d 1541, 1542 (11th Cir.1985) ("Section 216(b) of the Act makes fee awards mandatory for prevailing plaintiffs."). On the one hand, the Arbitration Agreement provides that "[t]he arbitrator *shall* apply the substantive law (and the law of remedies, if applicable) of the state in which the state law claim arose, or federal law of the circuit in which the federal law claim arose, or both, as applicable to the claim(s) asserted," *see* Arbitration Agreement at 5 (emphasis added), thereby mandating an award of fees to Plaintiff in accordance with the FLSA in the event Plaintiff is successful at arbitration. On the other hand, as Plaintiff points out, the Arbitration Agreement also contains language which can be interpreted as giving the arbitrator discretion to deny such fees: the Arbitration Agreement states that "if a party is entitled to attorneys' fees under any federal, state or local statute or law, the arbitrator will award those fees pursuant to the governing law, *at his/her discretion.*"[3] *See* Arbitration Agreement at 5 (emphasis added); *see also* Motion at 7 (conceding that "the language of paragraph 9B could be clear-

---

**3.** This language may also be read as granting the arbitrator discretion regarding the amount of fees to be awarded.

er"). However, such ambiguity does not render the Arbitration Agreement unenforceable because "we do not know how the arbitrator will construe the [Arbitration Agreement's] remedial" provision. *See PacifiCare Health Systems, Inc.,* — U.S. at —— – ——, 123 S.Ct. at 1535–36; *In re Humana Inc. Managed Care Litigation,* 333 F.3d 1247, 2003 WL 21349954, *1 (11th Cir.2003).[4] Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Compel Arbitration is GRANTED.[5] It is further

ORDERED AND ADJUDGED that this case is STAYED pending completion of arbitration. It is further

ORDERED AND ADJUDGED that the parties SHALL file a Joint Status Report no later than December 1, 2003, indicating the status of the arbitration proceedings. Failure to comply with this Order will result in sanctions including, but not limited to, the dismissal of the case or the striking of Defendant's pleadings and the entry of default judgment, without further notice.

4. Plaintiff also argues that the Arbitration Agreement is unenforceable because it denies him the recovery of costs in the event he prevails in the arbitration proceeding. *See* Response at 4. However, a reading of the Arbitration Agreement reveals that the Arbitration Agreement does not deny Plaintiff recovery of costs. *See* Arbitration Agreement at 6 ("The arbitrator may grant any remedy or relief, legal or equitable, that would have been available had the claim been asserted in court.").

Plaintiff also argues, without citing to any law, that the Arbitration Agreement is unenforceable because it "alters the statutory law" by elevating Defendant's rules or policies "to the force of law." *Response* at 7. Again, a reading of the Arbitration Agreement reveals

otherwise. *See* Arbitration Agreement at 5 ("The arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the state in which the state law claim arose, or federal law of the circuit in which the federal law claim arose, or both, as applicable to the claim(s) asserted. The arbitrator is without jurisdiction to apply any different substantive law or law of remedies. The arbitrator may not disregard or alter the Company's rules or policies unless the arbitrator determines that a rule or policy violated existing law at the time of the alleged violation.")

5. Having found the Arbitration Agreement to be enforceable, the Court rejects Plaintiff's request to sever the "unconscionable provisions of [the] Arbitration Agreement." Response at 9.