DAMOORGIAN, J.
 

 John Sitarik appeals the trial court’s order compelling Sitarik to arbitrate his claim against Sheridan. We reverse because Sheridan waived its right to arbitrate when it actively participated in the litigation and failed to make any demand for arbitration.
 

 In this case, Sheridan filed an answer, filed affirmative defenses, filed a notice of taking deposition, filed two motions to dismiss, issued a subpoena, and propounded discovery. Sheridan never made any demand to arbitrate. Only at the request of JFK, another party to the litigation, did the trial court compel Sitarik to arbitrate its claim against Sheridan.
 

 In order to determine whether Sheridan waived its right to compel arbitration, we must first determine whether it actively participated in the litigation. A party who actively participates in the litigation waives its right to compel arbitration.
 
 See Raymond James Fin. Servs., Inc. v. Saldukas,
 
 896 So.2d 707, 711 (Fla.2005). A party’s responses to the litigation constitute active participation when they are an attack on the merits.
 
 Miller & Solomon Gen. Contractors, Inc. v. Brennan’s Glass Co., Inc.,
 
 824 So.2d 288, 291 (Fla. 4th DCA 2002). Here, Sheridan attacked the merits of the litigation and thus, actively participated in the litigation by filing an answer, affirmative defenses, two motions to dismiss, as well as issuing a subpoena and propounding discovery.
 
 See, e.g., King v. Thompson & McKinnon, Auchincloss Kohlmeyer, Inc.,
 
 352 So.2d 1235, 1235 (Fla. 4th DCA 1977) (holding that filing an answer, which does not make a demand for arbitration, constitutes a waiver of the right to arbitrate);
 
 Maryland Cas. Co. v. Dep’t of Gen. Servs.,
 
 489 So.2d 54, 57 (Fla. 1st DCA 1986) (holding that a party waives the right to arbitrate when discovery requests are made). By failing to make a demand to arbitrate and actively participating in the litigation, Sheridan waived its right to compel arbitration. Accordingly, the trial court erred
 
 *975
 
 when it later compelled arbitration at JFK’s request.
 

 Because we find the trial court erred on the grounds that the right to arbitrate was waived, we find it unnecessary to address whether the trial court erred in compelling Sitarik to arbitrate his claim against Sheridan because Sitarik was not a party to the arbitration clause. Even if we were to address the merits of that issue, we would find that the trial court improperly compelled Sitarik to arbitration because we found in a related case that the arbitration clause did not bind Sitarik.
 
 See Sitarik v. JFK Med. Ctr.,
 
 7 So.3d 576 (Fla. 4th DCA 2009).
 

 We therefore reverse and remand for further proceedings consistent with this opinion.
 

 Reversed and Remanded.
 

 GROSS, C.J., and FARMER, J., concur.