EN BANC
 

 WALLACE, Judge.
 

 Green Tree Servicing, LLC (Green Tree), appeals a nonfinal order denying its motion to stay the action in the court below and to compel arbitration.
 
 [1]
 
 Because we find no error in the circuit court’s conclusion that Green Tree had waived its right to arbitration by serving multiple discovery requests related to the merits of the pending action, we affirm the circuit court’s order. In so doing, we recede from
 
 Merrill Lynch Pierce Fenner & Smith, Inc. v. Adams,
 
 791 So.2d 25 (Fla. 2d DCA 2001).
 

 I. THE FACTS AND PROCEDURAL HISTORY
 

 On October 21, 1998, Stanley McLeod purchased a manufactured home from Quality Mobile Homes, Inc. (the Seller). In connection with this purchase, Mr. McLeod executed a Manufactured Home Retail Installment Contract and Security Agreement (the Contract) with the Seller. The Contract contained an arbitration clause which provided — in pertinent part— that “[a]ll disputes, claims or controversies arising from or relating to this Contract or the parties thereto shall be resolved by binding arbitration.” Green Tree ultimately acquired ownership of the Contract.
 

 In November 2005, Mr. McLeod filed an action against Green Tree in the Hillsbor-ough County Circuit Court for alleged violations of the Florida Consumer Collection Practices Act. Green Tree promptly removed the action to the United States District Court for the Middle District of Florida, Tampa Division. Two days after removing the action to federal court, Green Tree filed its motion to stay case and compel arbitration. The federal court did not rule on this motion. Instead, on February 27, 2006, the federal court remanded the case to the circuit court. On March 20, 2006, Green Tree filed its renewed motion to stay case and compel arbitration in the circuit court.
 

 While his case was being transferred from the circuit court to federal court and back to the circuit court, Mr. McLeod died. His widow, Elizabeth Dianne McLeod, was appointed as the personal representative of her late husband’s estate and was substituted as the party plaintiff in the action against Green Tree. In March 2007, Mrs. McLeod filed a second amended complaint that added a claim against Green Tree for the wrongful death of Mr. McLeod. In response, Green Tree reasserted its arbitration claim by filing a motion to stay case and compel arbitration of the second amended complaint.
 

 Much of the later procedural history of the case stemmed indirectly from the delay that ensued in obtaining a ruling on Green Tree’s request for arbitration. For
 
 *685
 
 reasons not material to our decision, the hearing on Green Tree’s arbitration motion was scheduled, continued, and rescheduled numerous times. The circuit court did not actually hear the motion until almost two and one-half years after Mr. McLeod had filed the lawsuit.
 

 In March 2006, Green Tree filed a motion requesting a protective order staying any discovery in the case pending a ruling on its motion to stay and compel arbitration. It does not appear that the circuit court ever ruled on this motion. In September 2006, Green Tree filed a renewed motion for protective order as to discovery pending a ruling on its motion to compel arbitration. In the renewed motion, Green Tree requested that all discovery that was not related to its pending motion to compel arbitration be stayed pending a ruling on that motion.
 

 On February 28, 2007, the circuit court conducted a hearing on Green Tree’s renewed motion to stay discovery. At the hearing, counsel for Mrs. McLeod informed the court that he wished to conduct additional discovery related to Green Tree’s arbitration motion. The circuit court ruled that Mrs. McLeod would have an additional ninety days to complete “arbitration related discovery.” In a significant exchange at the hearing, counsel for both parties agreed that discovery related to the merits of Mrs. McLeod’s claims would not be appropriate until Green Tree’s pending arbitration motion was resolved:
 

 [Counsel for Green Tree]: Your Hon- or, I believe [counsel for Mrs. McLeod] has agreed to this on the record, but I want to make sure it’s clear at this point, because all that’s being litigated right now is whether this should go to arbitration. We are not — in order not to waive our right to arbitration, we cannot participate in any arbitration — in any discovery that goes outside the — ■ issue of arbitration itself.
 

 [Counsel for Mrs. McLeod]: I did stipulate to that.
 

 THE COURT: Okay.
 

 Thus Green Tree acknowledged at the hearing that its participation in discovery related to the merits of the case would result in a waiver of its claimed right to arbitration.
 

 Up to this point in the litigation, Green Tree had been represented by Shutts & Bowen LLP, its current appellate counsel. However, on May 25, 2007, another law firm filed a notice of appearance as counsel for Green Tree. On July 12, 2007, in accordance with a stipulation, the circuit court entered an order substituting the new law firm as counsel for Green Tree.
 

 Approximately one month later, the new law firm served a series of discovery requests on Mrs. McLeod. These discovery requests were all directly related to the merits of her pending claims. The discovery requests included the following items: (1) “Wrongful Death Request to Produce to Plaintiff,” (2) “Collateral Source Interrogatories to Plaintiff,” (3) “Expert Interrogatories to Plaintiff,” and (4) “Wrongful Death Interrogatories to Plaintiff.” Mrs. McLeod did not comply with the discovery requests. In November 2007, Green Tree’s new counsel wrote a letter to Mrs. McLeod’s counsel requesting that the completed discovery be forwarded within ten days of the receipt of the letter. The discovery responses were not forthcoming, and Green Tree filed its motion to compel discovery responses on February 8, 2008. Green Tree scheduled a hearing on its motion to compel for March 12, 2008. On the day of the; scheduled hearing, Green Tree withdrew its discovery requests, withdrew the motion to compel, and can-celled the scheduled hearing on its motion.
 

 
 *686
 
 II. THE CIRCUIT COURT’S RULING
 

 Green Tree’s motion to stay and compel arbitration was finally heard on April 22,
 
 2008. At the
 
 hearing, Mrs. McLeod opposed arbitration on two grounds: (1) the arbitration clause was both procedurally and substantively unconscionable and (2) Green Tree had waived its right to arbitration. The circuit court found that the arbitration clause was neither procedurally nor substantively unconscionable. However, the circuit court agreed with Mrs. McLeod that Green Tree had waived its right to arbitration by participating in discovery related to the merits of the case. The circuit court’s oral announcement of its ruling — in pertinent part — was as follows:
 

 THE COURT: Now making a special appearance to file a Motion to Quash Service of Process. So there’s no waiver there. But engaging in discovery— engaging in discovery on the merits of the case though, I think that crosses the line.
 

 However, I think, if the interrogatories had been sent and then right away withdrawn, that’s one thing. But they were sent and there were letters sent and finally the Motion to Compel. I believe the Motion to Compel was noticed for a hearing, wasn’t it?
 

 But, in any event, it went so far — it went so far as to — and from that I can infer — you know, from that I can infer that [Mrs. McLeod at] least [was] put on notice that [she] had to start getting-some discovery, and discovery was not toward arbitrability. It was toward the damages issue of the case. So I’ll find waiver.
 

 The circuit court made similar findings in its written order denying Green Tree’s arbitration motion:
 

 This Court finds [Green Tree] waived the right to arbitration by taking actions inconsistent with its desire to arbitrate and participating in the lawsuit. Specifically, the court finds that on August 16, 2007[, Green Tree] sent multiple sets of interrogatories and a l'equest to produce to [Mrs. McLeod] relating to issues other than whether this case was subject to arbitration. . Counsel for [Green Tree] also subsequently sent a letter on November 16, 2007[,] to [Mrs. McLeod’s] counsel demanding that these discovery requests be answered and ultimately moved to compel responses to this discovery on February 8, 2008.
 

 Thus the circuit court based its conclusion about waiver on Green Tree’s participation in discovery directed to the merits of Mrs. McLeod’s claims.
 

 III. DISCUSSION
 

 A. Preliminary Matters
 

 “In determining whether a dispute is subject to arbitration, courts consider at least three issues: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.”
 
 Stacy David, Inc. v. Consuegra,
 
 845 So.2d 303, 306 (Fla. 2d DCA 2003) (citing
 
 Seifert v. U.S. Home Corp.,
 
 750 So.2d 633, 636 (Fla.1999)). Here, we address only the issue of waiver.
 

 “Generally, whether a party has waived the right to arbitrate is a question of fact, reviewed on appeal for competent, substantial evidence to support the lower court’s findings.”
 
 Mora v. Abraham Chevrolet-Tampa, Inc.,
 
 913 So.2d 32, 33 (Fla. 2d DCA 2005) (citing
 
 Raymond James Fin. Servs., Inc. v. Saldukas (Saldukas I),
 
 851 So.2d 853, 856 (Fla. 2d DCA 2003),
 
 approved,
 
 896 So.2d 707 (Fla.2005)). On the other hand, “the standard of review applicable to the trial court’s construction
 
 *687
 
 of the arbitration provision, and to its application of the law to the facts found, is
 
 de novo.” Gainesville Health Care Ctr., Inc. v. Weston, 857
 
 So.2d 278, 283 (Fla. 1st DCA 2003).
 

 B. Waiver of the Right to Arbitration
 

 “Waiver” has been defined “as the voluntary and intentional relinquishment of a known right or conduct which implies the voluntary and intentional relinquishment of a known right.”
 
 Raymond James Fin. Servs., Inc. v. Saldukas (Saldukas II),
 
 896 So.2d 707, 711 (Fla.2005). The general definition of waiver is applicable to the right to arbitrate.
 
 Id.
 
 Concerning the issue of waiver in the context of an arbitration agreement, the Supreme Court of Florida has quoted with approval Judge Mikva’s opinion in
 
 National Foundation for Cancer Research v. A.G. Edwards & Sons, Inc.,
 
 821 F.2d 772, 774 (D.C.Cir.1987).
 
 Saldukas II,
 
 896 So.2d at 711. Judge Mikva addressed the issue as follows:
 

 The right to arbitration, like any contract right, can be waived.
 
 See [Cornell & Co. v. Barber & Ross Co.,
 
 360 F.2d 512, 513 (D.C.Cir.1966) ]. The Supreme Court has made clear that the “strong federal policy in favor of enforcing arbitration agreements” is based upon the enforcement of contract, rather than a preference for arbitration as an alternative dispute resolution mechanism.
 
 [Dean Witter Reynolds, Inc. v. Byrd,
 
 470 U.S. 213, 218-24, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985)]. Thus, the question of whether there has been waiver in the arbitration agreement context should be analyzed in much the same way as in any other contractual context. The essential question is whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right.
 
 See Cornell,
 
 360 F.2d at 513.
 

 Nat’l Found, for Cancer Research,
 
 821 F.2d at 774. For these reasons, “there is no requirement for proof of prejudice in order for there to be an effective waiver of the right to arbitrate.”
 
 Id.
 
 Thus “an arbitration right must be safeguarded by a party who seeks to rely upon that right and the party must not act inconsistently with the right.”
 
 Id.
 

 A party’s active participation in a lawsuit is inconsistent with arbitration. Thus “[t]he prosecution or defense of a lawsuit on issues subject to arbitration may constitute a waiver.”
 
 Seville Condo.
 
 #
 
 1, Inc. v. Clearwater Dev. Corp.,
 
 340 So.2d 1243, 1245 (Fla. 2d DCA 1976). It follows that a party may waive his or her right to arbitration by filing a lawsuit without seeking arbitration,
 
 id.;
 
 by filing an answer to a pleading seeking affirmative relief without raising the right to arbitration,
 
 Bared & Co. v. Specialty Maint. & Constr., Inc.,
 
 610 So.2d 1, 3 (Fla. 2d DCA 1992); and by moving for summary judgment,
 
 Lapidus v. Arlen Beach Condo. Ass’n,
 
 394 So.2d 1102, 1103 (Fla. 3d DCA 1981). A party who timely asserts the right to arbitration may still waive the right by later conduct that is inconsistent with the arbitration request.
 
 See Klosters Rederi A/S v. Arison Shipping Co.,
 
 280 So.2d 678, 681 (Fla.1973). Furthermore, once a party has waived the right to arbitration by active participation in a lawsuit, the party may not reclaim the arbitration right without the consent of his or her adversary.
 
 See Estate of Williams ex rel. Williams v. Manor Care of Dunedin, Inc.,
 
 923 So.2d 615, 616-17 (Fla. 2d DCA 2006);
 
 Bared & Co.,
 
 610 So.2d at 3.
 

 C. Waiver by Participation in Discovery
 

 Here, the issue before the circuit court was whether Green Tree waived its
 
 *688
 
 claimed right to arbitration by participating in discovery related to the merits of the pending litigation. The circuit court’s ruling that participation in discovery related to the merits of pending litigation operated as a waiver of a contractual right to arbitration is in accord with the majority view in the Florida courts. Both the Third District and the Fifth District have unequivocally held that propounding discovery directed to the merits of pending litigation before moving to compel arbitration results in a waiver of the right to arbitration.
 
 See Olson Elec. Co. v. Winter Park Redevelopment Agency,
 
 987 So.2d 178, 179 (Fla. 5th DCA 2008);
 
 Estate of Orlanis ex rel. Marks v. Oakwood Terrace Skilled Nursing & Rehab. Ctr.,
 
 971 So.2d 811, 812-13 (Fla. 3d DCA 2007);
 
 Coastal Sys. Dev., Inc. v. Bunnell Found., Inc.,
 
 963 So.2d 722, 724 (Fla. 3d DCA 2007). The First District and the Fourth District have not ruled on the question of whether propounding discovery directed to the merits of pending litigation, by itself, results in a waiver of the right to arbitration.
 
 See Hill v. Ray Carter Auto Sales, Inc.,
 
 745 So.2d 1136 (Fla. 1st DCA 1999) (affirming a trial court’s finding that a defendant who answered a complaint without requesting arbitration and also participated in discovery had not waived its right to arbitration where the defendant’s attorney did not have a copy of the contract containing the arbitration clause when he filed the answer to the complaint and was thus unaware of the arbitration clause, and the attorney filed a motion requesting arbitration as soon as he received a copy of the contract, which was within two months of the service of the summons and complaint);
 
 Hardy Contractors, Die. v. Homeland, Prop. Oivners Ass’n,
 
 558 So.2d 543 (Fla. 4th DCA 1990) (disagreeing with the dissenting judge’s view that a third-party defendant which timely raised its right to arbitration and subsequently participated in discovery related to the merits while the arbitration issue was pending did not waive its right to arbitration). But the First District and the Fourth District have held that a party waives its right to arbitration by propounding discovery directed to the merits of pending litigation and also engaging in other actions inconsistent with arbitration.
 
 See Sitarik v. JFK Med. Ctr. Ltd. P’ships,
 
 11 So.3d 973, 974 (Fla. 4th DCA 2009) (“Here, Sheridan attacked the merits of the litigation and thus, actively participated in the litigation by filing an answer, affirmative defenses, two motions to dismiss, as well as issuing a subpoena and propounding discovery.”);
 
 Md. Cas. Co. v. Dep’t of Gen. Servs.,
 
 489 So.2d 54, 57 (Fla. 1st DCA 1986) (“[T]he record reveals that Pinter waived its right to elect arbitration and proceeded to litigate in court by filing an answer to appellees’ complaint, filing discovery requests, and filing various motions without raising the right to arbitration.”). Nevertheless, the positions of the First District and the Fourth District on the issue are unclear because
 
 Sitarik
 
 and
 
 Maryland Casually Co.
 
 involved activity not limited to propounding discovery directed to the merits of pending litigation.
 

 D. This Couri’s Decision in Merrill Lynch
 

 However*, this court has previously reached a different conclusion on the issue of whether participating in discovery related to the merits of pending litigation results in a waiver of the right to arbitrate.
 
 See Merrill Lynch Pierce Fenner & Smith, Inc. v. Adams,
 
 791 So.2d 25, 26 (Fla. 2d DCA 2001). In
 
 Merrill Lynch,
 
 the appellees, who were the plaintiffs in the litigation, filed a complaint asserting various claims against the appellants.
 
 [2]
 

 Id.
 
 
 *689
 
 at 27. Together with their complaint, the appellees filed a motion to stay the proceedings and a motion to compel arbitration.
 
 Id.
 
 Subsequently, the appellees served a request for the production of documents related to the merits of the litigation and also served a notice of the taking of the deposition of a Merrill Lynch employee who had authored a document related to the merits of their claims.
 
 Id.
 
 at 28.
 

 At a hearing on the appellees’ motion to compel arbitration, the appellants argued that the appellees had waived their right to arbitration by continuing to litigate their case after requesting arbitration.
 
 Id..
 
 In response, the appellees contended that the assertion of their right to arbitration in a pleading filed before they engaged in discovery was sufficient to preserve the arbitration right regardless of their later conduct.
 
 Id.
 
 Finding that the appellees had not acted inconsistently with their right to arbitration, the circuit court granted their motion to compel arbitration.
 
 Id.
 
 at 26, 28.
 

 On appeal, the appellants argued that the appellees had “waived their right of arbitration by engaging in litigation.”
 
 Id,.
 
 at 26. The majority opinion framed the issue presented for decision as “whether appellees were involved in litigation to the extent of waiving their right to arbitration.”
 
 Id.
 
 The majority answered this question in the negative and affirmed the circuit court’s order compelling arbitration.
 
 Id.
 
 The late Judge Jerry R. Parker dissented in part.
 
 Id.
 
 at 26-29 (Parker, J., concurring in part and dissenting in part). In his dissent, Judge Parker concluded that the appellees had waived their right to arbitration “by choosing to participate in formal discovery.”
 
 Id.
 
 at 29.
 

 The majority offered three reasons in support of its legal conclusion. First, referring to dismissals for failure to prosecute under Florida Rule of Civil Procedure 1.420, the majority said that “it is questionable whether discovery, including depositions, even constitutes record activity.”
 
 Id.
 
 at 26 (majority opinion). Second, the majority explained that “if taking a deposition is litigation, a similar procedure is available to appellees under the arbitration code, and therefore, [appellees’]
 
 [3]
 
 acts were not inconsistent with arbitration.”
 
 Id.
 
 Third, the majority observed that it had “found no case law which would require a denial of appellees’ right to arbitration based on their participation in discovery.”
 
 Id.
 

 In his dissent, Judge Parker cited several cases in support of the proposition that “a party’s actions after asserting the right to arbitration may be considered when determining whether the party has, in fact, waived its right to arbitrate.”
 
 Id.
 
 at 28 (Parker, J., concurring in part and dissenting in part) (citing
 
 Klosters Rederi A/S,
 
 280 So.2d at 681). Observing that “the appellees continued to litigate their case after initially demanding arbitration,” Judge Parker concluded that they had waived their right to arbitration by participating in discovery.
 
 Id.
 
 at 28-29. Judge Parker supported his conclusion by noting the scope of the discovery sought by the appellees. He pointed out that “[i]n one discovery request alone, Merrill Lynch was required to provide over 7000 documents to the appellees.”
 
 Id.
 
 at 29.
 

 
 *690
 

 E. The Parties’Arguments
 

 Here, the parties have devoted considerable attention to the
 
 Merrill Lynch
 
 case in their respective arguments. Green Tree argues that it asserted its right to arbitration from the beginning of the case and thereafter. Green Tree cites
 
 Merrill Lynch
 
 for the proposition that a party’s participation in significant discovery, including depositions by the party seeking arbitration, does not constitute sufficient involvement in litigation to the extent of operating as a waiver after the party has already invoked its arbitration rights. According to Green Tree, “this [c]ourt’s prior decision in
 
 Merrill Lynch
 
 dictates that Green Tree did not waive its arbitral rights.” Finally, Green Tree contends that a proper consideration of the totality of the circumstances by the circuit court would have led it to the conclusion that participation in discovery alone — coupled with the initial assertion of arbitration rights — was insufficient to result in a waiver.
 

 In response, Mrs. McLeod argues that Green Tree waived its right to arbitration by propounding discovery requests after its initial assertion of the right to arbitration. Mrs. McLeod seeks to distinguish
 
 Merrill Lynch
 
 on three grounds. First, the
 
 Merrill Lynch
 
 court “was asked to review a trial court’s finding that no waiver of arbitration had occurred, whereas this court is being asked to do exactly the opposite and review the trial court’s finding that a waiver of arbitration in fact had occurred.” As the
 
 Merrill Lynch
 
 majority noted in a parenthetical, “waiver is a question of fact and ... a trial judge will be reversed only if there is no competent, substantial evidence to support the finding.”
 
 Id.
 
 at 26. Here, just as in
 
 Merrill Lynch,
 
 there is competent, substantial evidence in the record to support the circuit court’s finding on the issue of waiver. Second, Green Tree filed a motion to compel in order to enforce its discovery requests, and a motion to compel does constitute record activity. Third, Green Tree’s argument that similar discovery would have been available in arbitration is not only inaccurate, “but also totally ignores the fact that it was Green Tree that initially opposed merits-related discovery in this litigation, going so far as to assert that its participation in such discovery would be a waiver of arbitration.” In the face of the position taken by Green Tree in the circuit court about the effect of merits-related discovery on its arbitration right, Mrs. McLeod submits that Green Tree “should not now be heard to say that its merits-related discovery was insignificant.”
 

 F. A Reexamination of Merrill Lynch
 

 The
 
 Merrill Lynch
 
 majority concluded that a party’s participation in discovery related to the merits of pending litigation does not result in a waiver of the party’s right to arbitration. Thus Green Tree’s argument that
 
 Merrill Lynch
 
 requires a reversal of the circuit court’s order denying Green Tree’s motion to stay and compel arbitration has some force. Mrs. McLeod has presented arguments upon which we might rely to distinguish
 
 Merrill Lynch.
 
 However, after considering the arguments for distinguishing our prior precedent, we find them to be unpersuasive.
 

 Instead of distinguishing
 
 Merrill Lynch,
 
 we think that a reexamination of that decision is in order. A review of the three reasons offered by the
 
 Merrill Lynch
 
 majority for reaching the legal rule stated in that case reveals that those reasons were unsound. We turn now to an examination of these three reasons.
 

 (1)
 
 Discovery as record activity.
 
 Referring to Judge Parker’s concern about the appellees’ participation in discovery,
 
 *691
 
 the
 
 Merrill Lynch
 
 majority said: “[I]t is questionable whether discovery, including depositions, even constitutes record activity.”
 
 Id.
 
 at 26. In support of this statement, the majority cited two cases that addressed the question of whether the filing of a notice of taking deposition and the actual taking of a deposition constituted record activity for the purpose of avoiding a dismissal for failure to prosecute under earlier versions of Florida Rule of Civil Procedure 1.420.
 
 [4]
 

 Id.
 
 Here, the majority asked the wrong question. The issue of whether discovery constitutes “record activity” for the purpose of avoiding a dismissal for failure to prosecute under rule 1.420 does not have any bearing on the question of whether a party may waive its right to arbitration by propounding discovery related to the merits of the case.
 

 Instead, the appropriate inquiry is whether the party’s participation in such discovery is activity that is inconsistent with the right to arbitration.
 
 See Saldkas II,
 
 896 So.2d at 711. This inquiry has nothing to do with record activity. Action that is inconsistent with the right to arbitration may occur outside the case file as well as in it.
 
 See, e.g., Hillier Group, Inc. v. Torcon, Inc.,
 
 932 So.2d 449, 456-57 (Fla. 2d DCA 2006) (recognizing that the litigation of arbitrable issues in an earlier case may result in a waiver of the right to arbitration in a related case where the party’s participation in the litigation in the earlier case would give it an advantage in a subsequent arbitration);
 
 Saldukas I,
 
 851 So.2d at 856 (stating that a party’s repeated presuit assertions that the opposing parties had no right to arbitration and threatening to file a lawsuit to enjoin an arbitration proceeding were sufficient to support a finding that a party had waived its right to arbitration);
 
 White Constr. Co. v. State, Dep’t of Transp.,
 
 860 So.2d 1064, 1067-68 (Fla. 1st DCA 2003) (holding that a party had waived its right to arbitration by failing to submit the dispute to arbitration within the contractual time limit for requesting arbitration). It follows that the first reason offered by the
 
 Merrill Lynch
 
 majority in support of its conclusion is unsound.
 

 (2)
 
 The availability of discovery in arbitration.
 
 Reframing the pertinent issue as whether propounding discovery related to the merits of pending litigation is inconsistent with arbitration leads to an examination of the second reason offered by the
 
 Merrill Lynch
 
 majority. On this question, the
 
 Merrill Lynch
 
 majority said: “[I]f taking a deposition is litigation, a similar procedure is available to appellees under the arbitration code, and therefore, [appellees’] acts [of engaging in discovery] were not inconsistent with arbitration.” 791 So.2d at 26. In support of this proposition, the
 
 Merrill Lynch
 
 majority cited to section 684.15, Florida Statutes (1999), a provision appearing in chapter 684, the Florida International Arbitration Act (the FIAA). Although it is impossible to determine the applicability of the FIAA to the dispute in
 
 Merrill Lynch
 
 from the facts stated in the opinion, it seems doubtful that the dispute in that case was subject to the FIAA.
 
 [5]
 
 We
 
 *692
 
 ■wall analyze the basis for the majority’s proposition concerning the availability of discovery in arbitration by first considering section 684.15 and then making a brief review of the availability of depositions and discovery in arbitration proceedings generally.
 

 Section 684.15 does not support the
 
 Merrill Lynch
 
 majority’s assumption equating the availability of depositions and discovery in arbitration proceedings to the availability of those procedures in judicial proceedings. Section 684.15 provides, in pertinent part, as follows:
 

 (2) The arbitral tribunal may issue subpoenas or other demands for the attendance of witnesses or for the production of books, record, documents, and other evidence, may administer oaths,
 
 may order depositions to be taken or other discovery obtained,
 
 without regard to the place where the witness or other evidence is located, and may appoint one or more experts to report to it.
 

 (Emphasis added.)
 
 See generally
 
 Jarvis,
 
 supra,
 
 at 7-13. In accordance with section 684.15(2), depositions and discovery are available in arbitrations conducted under the FIAA. However, in order to take a deposition or propound discovery requests, one must first obtain an appropriate order from the arbitral tribunal. Section 684.15(2) provides that the arbitral tribunal
 
 “may
 
 order depositions to be taken or other discovery obtained.” (Emphasis added.) Thus a party’s ability to engage in discovery in FIAA arbitration is subject to the discretion of the arbitral tribunal.
 
 Cf. Rintin Corp., S.A. v. Domar, Ltd.,
 
 374 F.Supp.2d 1165, 1170 (S.D.Fla.2005) (rejecting argument by party to FIAA arbitration that the arbitral proceedings were unfair in part because it was unable to obtain discovery on certain issues). Such a restriction on a party’s ability to conduct discovery in an FIAA arbitration contrasts sharply with the ready availability of depositions and discovery in litigation conducted under the Florida and federal civil rules.
 

 The vast majority of arbitrations conducted in Florida will not be subject to the FIAA but, rather, will be conducted under either the Florida Arbitration Code, chapter 682, Florida Statutes (the FAC), or the Federal Arbitration Act, 9 U.S.C. §§ 1
 
 et seq.
 
 (the FAA).
 
 [6]
 

 See generally
 
 Nelson D. Blank et al.,
 
 Commercial Arbitration in Alternate Dispute Resolution in Florida
 
 3-1, 3-5 to 3-7 (2d ed.1995) (discussing the various statutes and rules applicable to arbitration in Florida). But regardless of whether arbitration is conducted subject to the FAC, the FAA, or the FIAA, a party’s ability
 
 to
 
 take depositions and to propound discovery requests is generally much more limited in arbitration than it is under the Florida or the federal civil rules.
 
 See Rin-tin Corp.,
 
 374 F.Supp.2d at 1170 (“[Discovery is not guaranteed in arbitration and arbitrators have broad discretion as to grant or deny the ability to obtain discovery.”) (citing
 
 Fernandez v. Clear Channel Broad., Inc.,
 
 268 F.Supp.2d 1365, 1368 (S.D.Fla.2003));
 
 see also Stanton v. Paine Webber Jackson & Curtis, Inc.,
 
 685 F.Supp. 1241, 1242 (S.D.Fla.1988) (concluding that under the FAA, the arbitrators may order and conduct such discovery as they find necessary).
 
 See generally
 
 Blank,
 
 supra,
 
 at 3-8, 3-19 to 3-20 (discussing the limited availability of discovery in commercial arbitration proceedings); W. Scott Simpson & Omer Kesikli,
 
 The Contours of Arbitration Discovery,
 
 67 Ala. Law. 280 (2006) (discussing the scope of
 
 *693
 
 discovery in arbitration and related proceedings). For example, the parties’ arbitration agreement may impose limitations on the right to take depositions and to conduct discovery.
 
 See, e.g., Fernandez v. Clear Channel Broad.,
 
 268 F.Supp.2d 1365, 1368 (S.D.Fla.2003) (quoting a section regarding discovery from an arbitration agreement that limited the parties to three depositions unless the arbitrator, on a showing of good cause, approved additional depositions, and that required all discovery to be concluded within forty-five days from the date the arbitrator is informed of his or her selection). In addition, parties frequently agree that any arbitration proceedings will be governed by rules prepared by various private organizations.
 
 See
 
 Blank,
 
 supra,
 
 at 3-5 to 3-7;
 
 see, e.g., Kotch v. Clear Channel Broad., Inc.,
 
 No. 03-61951CIVALTONAGA, 17 Fla. L. Weekly Fed. D401, 2004 WL 483502 (S.D.Fla. Mar. 8, 2004) (compelling arbitration under an agreement providing that arbitration would be governed by the Employment Dispute Resolution Rules of the American Arbitration Association).
 

 “Although [the available discovery] procedures might not be as extensive as in the federal courts, by agreeing to arbitrate, a party ‘trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration.’ ”
 
 Gilmer v. Interstate/Johnson Lane Corp.,
 
 500 U.S. 20, 31, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991) (quoting
 
 Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,
 
 473 U.S. 614, 628, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)). In view of the marked differences concerning the availability of depositions and discovery in arbitration and litigation, the second reason offered by the
 
 Merrill Lynch-
 
 majority equating the availability of depositions in both arbitration proceedings and judicial proceedings is also unsound.
 

 (3)
 
 The existing precedent.
 
 The
 
 Merrill Lynch
 
 majority bolstered its legal conclusion by noting that it had “found no case law which would require a denial of appel-lees’ right to arbitration based on their participation in discovery.”
 
 Merrill Lynch,
 
 791 So.2d at 26. However, in a series of cases decided before the
 
 Merrill Lynch
 
 opinion issued, the Third District had held that a party’s participation in discovery was sufficient to operate as a waiver of the right to arbitration.
 
 See Preferred Mut. Ins. Co. v. Matrix Constr. Corp.,
 
 662 So.2d 432, 432 (Fla. 3d DCA 1995);
 
 Coral 97 Assocs., Ltd. v. Chino Elec., Inc.,
 
 501 So.2d 69, 70-71 (Fla. 3d DCA 1987);
 
 Rolls v. Bliss & Nyitray, Inc.,
 
 408 So.2d 229, 237-38 (Fla. 3d DCA 1981),
 
 disapproval on other grounds recognized by La Pesca Grande Charters, Inc. v. Moran,
 
 704 So.2d 710, 713-14 (Fla. 5th DCA 1998);
 
 Winter v. Arvida Corp.,
 
 404 So.2d 829, 830 (Fla. 3d DCA 1981). Thus existing precedent did not support the legal proposition adopted by the
 
 Merrill Lynch
 
 majority in 2001 when that case was decided.
 

 Since
 
 Merrill Lynch
 
 was decided, the Third District has adhered to its view of the matter,
 
 Estate of Orlanis,
 
 971 So.2d at 812-13, and the Fifth District has adopted the same position as the Third District,
 
 Olson Electric,
 
 987 So.2d at 179. Furthermore, in a relatively recent decision, this court- — without citing
 
 Merrill Lynch
 
 — relied on a party’s participation in discovery as one of the factors supporting the conclusion that the party had waived its right to arbitration by engaging in actions inconsistent with the intent to arbitrate the opposing party’s claim.
 
 See Mora,
 
 913 So.2d at 33-34. Thus Florida case law on this question subsequent to
 
 Merrill Lynch
 
 has been consistent with the Third District’s position and the view proposed by Judge
 

 
 *694
 
 Parker in his dissenting opinion.
 
 [7]
 

 To summarize, we conclude that the reasons offered by the
 
 Menill Lynch
 
 majority for concluding that participation in discovery related to the merits of pending litigation is not inconsistent with the intent to arbitrate were not well founded. Furthermore, the conclusion reached by the
 
 Menill Lynch
 
 majority is contrary to the case law in the Third District and the Fifth District. Accordingly, we now hold that a party’s participation in discovery related to the merits of pending litigation is activity that is generally inconsistent with arbitration. Such activity — considered under the totality of the circumstances — will generally be sufficient to support a finding of a waiver of a party’s right to arbitration. We recede from
 
 Menill Lynch
 
 to the extent that it is inconsistent with the rule that we now adopt.
 

 G. The Application of the Rule that We Adopt Today to the Facts of This Case
 

 Consistent with the rule that we adopt today, we hold that competent, substantial evidence supports the circuit court’s conclusion that Green Tree waived its claimed right to arbitrate Mrs. McLeod’s claims by participating in discovery related to the merits of the pending litigation. Green Tree’s request to produce asked Mrs. McLeod to produce twenty-eight categories of documents related to the merits of her pending claims. Green Tree’s three separate sets of interrogatories propounded a total of forty-five questions — not including subparts — to be answered under oath by Mrs. McLeod. All of these interrogatories pertained to the merits of her claims. As the circuit court noted, the request to produce and the interrogatories were not promptly withdrawn but remained pending for several months. Later, Green Tree filed a motion to compel discovery responses and scheduled a hearing on the motion. The circuit court could properly conclude that this substantial-activity by Green Tree was sufficient to cause a waiver of the arbitration right that Green Tree' had previously asserted.
 
 See Klosters Reden A/S,
 
 280 So.2d at 681. As another court has written in a similar context, “[t]he courtroom may not be used as a convenient vestibule to the arbitration hall so as to allow a party to create his own unique structure combining litigation and arbitration.”
 
 De Sapio v. Kohlmeyer,
 
 35 N.Y.2d 402, 362 N.Y.S.2d 843, 321 N.E.2d 770, 773 (1974). Having waived its right to arbitration by propounding discovery related to the merits of the case, Green Tree could not reclaim that right by withdrawing its discovery requests and its motion to compel.
 
 See Estate of Williams,
 
 923 So.2d at 617;
 
 Bared & Co.,
 
 610 So.2d at 3.
 

 Finally, we consider whether the application of the rule that we adopt today to the facts of this case is fundamentally unfair to Green Tree. The dispositive factor on this issue is the statement made by Green Tree’s counsel at the hearing on its renewed motion to stay discovery. At the hearing on this motion — held before Green Tree had propounded its merits-related discovery requests — Green Tree’s counsel acknowledged that its participation in any discovery related to the merits of the case would result in a waiver of its right to arbitration. Thus Green Tree did not rely to its detriment on our
 
 Menill Lynch
 
 decision in serving its merits-related discovery requests on Mrs. McLeod. On the contrary, Green Tree’s understanding of the law on this subject was in accord with the rule that we adopt today. According
 
 *695
 
 ly, the application of this rule to Green Tree’s conduct in this case is not unfair to Green Tree.
 
 Cf. Brackenridge v. Ametek, Inc.,
 
 517 So.2d 667, 668-69 (Fla.1987) (stating the general rule “that a decision of a court of last resort which overrules a prior decision is retrospective as well as prospective in its operation unless declared by the opinion to have prospective effect only” and finding that a litigant did not fall within the exception to the general rule where he did not act in reliance on a prior decision that had been overruled).
 

 IV. CONCLUSION
 

 For the foregoing reasons, we hold that the circuit court did not err in ruling that Green Tree waived its right to arbitration by participating in discovery related to the merits of the case. Accordingly, we affirm the circuit court’s order denying Green Tree’s motion to stay and compel arbitration.
 

 Affirmed.
 

 NORTHCUTT, C.J., and ALTENBERND, FULMER, WHATLEY, CASANUEVA, DAVIS, SILBERMAN, KELLY, VILLANTI, LaROSE, KHOUZAM, and CRENSHAW, JJ„ Concur.
 

 [1]
 

 . We have jurisdiction in accordance with Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv).
 

 [2]
 

 . Our summary of the facts in
 
 Merrill Lynch
 
 is taken from the detailed recital of the facts of
 
 *689
 
 the case contained in the dissenting opinion. The majority opinion did not include a statement of the facts of the case.
 

 [3]
 

 . In an apparent scrivener's error, the majority referred to “appellants' acts’’ when they obviously meant to say "appellees' acts.”
 

 [4]
 

 . The two cases cited are
 
 Nichols v. Lohr,
 
 776 So.2d 366 (Fla. 5th DCA 2001), and
 
 Levine v. Kaplan,
 
 687 So.2d 863 (Fla. 5th DCA 1997),
 
 disapproved of by Metropolitan Dade County v. Hall,
 
 784 So.2d 1087 (Fla.2001).
 

 [5]
 

 . The FIAA was designed to provide for the arbitration of disputes arising out of international relationships.
 
 See
 
 684.02(1).
 
 See generally
 
 Robert M. Jarvis,
 
 International Arbitration, in Alternate Dispute Resolution in Florida
 
 7-1, 7-5 to 7-6 (2d ed.1995). Section 684.03 sets forth the criteria for determining the types of disputes that are subject to the FIAA.
 
 See
 
 Jarvis,
 
 supra,
 
 at 7-6 to 7-7. These criteria limit the claims subject to the FIAA to those having some international connection.
 
 See
 
 § 684.03(1).
 

 [6]
 

 . In this case, the agreement between Mr. McLeod and Green Tree's predecessor in interest provided that it "is made pursuant to a transaction in interstate commerce and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1.”
 

 [7]
 

 . This proposition is subject to the uncertainty — previously noted in section III(C) of this opinion — concerning the position of the First District and the Fourth District on this issue.