RAMIREZ, C.J.
 

 This is an appeal from a non-final order directing the parties to proceed to arbitration after the parties had entered into an agreement to waive arbitration, which agreement had been approved by prior court order. The court found that the prior waiver of arbitration “was based on a misunderstanding.” We reverse because the record does not support such a finding.
 

 This appeal stems from an attorneys’ fee dispute between appellant Edie Laquer and her former counsel in the case, appel-lee Feldman Gale, P.A. On February 18, 2009, the parties reached an agreement whereby Jeffrey Feldman expressly waived any right to arbitration on the issue of fees owed. The order memorializing the agreement states:
 

 4.By agreement of the parties, this Court shall determine the sole issue of Feldman Gale, P.A.’s entitlement to any outstanding fees and costs from Plaintiffs and the amount of those fees and costs, if any, that are due and owing. By agreement, it is expressly understood that the parties reserve and have not waived their respective rights to arbitrate any and all other disputes that may now or in the future exist or arise between them pursuant to the arbitration clause set forth in the parties’ retainer letter. Plaintiffs reserve all rights to attack the propriety of that arbitration clause.
 

 In preparation for the court hearing, a dispute arose regarding the scope of discovery which prompted Feldman Gale, P.A. to move to quash the notices of deposition, asserting that (1) the discovery was unnecessary and beyond the scope of the issues before the court, (2) the parties had waived any right to conduct discovery in the Retainer Agreement, and (3) the notices violated the Rules of Civil Procedure, by purporting to shorten the 30-day time period in rule 1.350 for the production of documents. At the hearing, the trial court orally quashed the notices of deposition. At a subsequent hearing, the parties continued to argue about the scope of discovery. Feldman Gale, P.A. maintained that it had only agreed to waive arbitration of a narrow issue — whether the firm was entitled to the $40,000 held in trust. The court thereafter suggested that the parties revoke their agreement to waive arbitration. When Lacquer would not agree, the court told Feldman that if he wanted to go to arbitration, the court would sign an
 
 *1231
 
 order to that effect, even if Lacquer objected.
 

 We conclude that the record before us does not justify rescission of the agreement to waive arbitration simply because there was a misunderstanding as to the scope of the waiver. The agreement of the parties was not only memorialized, but the court also confirmed the agreement in its order dated February 20, 2009. That the parties subsequently disagreed on what was discoverable or what evidence would be admissible at the hearing did not justify the trial court’s decision to rescind the agreement. That three-page order clearly sets out the agreement of the parties and it is up to the trial court to then rule on what is discoverable or admissible pursuant to that agreement.
 

 The parties agreed to deposit $40,000 into a trust account to secure Feldman Gale, P.A.’s claim for fees and costs. Furthermore, the court’s order clearly sets forth the basis for the court’s decision and what issues the court reserved for the arbitrator. Thus, the trial court’s determination, on its own, that there was not a “meeting of the minds” between the parties with regards to the arbitration waiver cannot be supported in light of the record before us. Rather, it was up to the trial court to determine what the scope of allowable discovery was in accordance with the terms of the waiver.
 

 The trial court also erred when it rescinded the arbitration agreement without Laquer’s consent. “[Ojnce a party has waived the right to arbitration ..., the party may not reclaim the arbitration right without the consent of his or her adversary.”
 
 Green Tree Servicing, LLC v. McLeod,
 
 15 So.3d 682, 687 (Fla. 2d DCA 2009). Neither Feldman Gale, P.A. nor the trial court sought Laquer’s consent prior to repealing the earlier order that waived arbitration on the issue of fees owed. We thus conclude that the rescission of the arbitration waiver without Lacquer’s consent constituted reversible error.
 

 Accordingly, we reverse the trial court’s non-final order in which the court rescinded the arbitration waiver and remand for further proceedings on the issue of fees owed.
 

 Reversed and remanded.