# Third District Court of Appeal

## State of Florida

Opinion filed July 28, 2021.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D21-218
Lower Tribunal Nos. 20-43 CC, 20-203 AP

————————

**Mauro Leder and Patricia Leder**,
Appellants,

vs.

**Imburgia Construction Services, Inc.**,
Appellee.

An Appeal from the County Court for Miami-Dade County, Myriam Lehr, Judge.

Gary B. Goldman, for appellants.

A. Platon Alexandrakis, for appellee.

Before LOGUE, SCALES, and HENDON, JJ.

HENDON, J.

The plaintiffs below, Mauro Leder and Patricia Leder (collectively,

"Owners"), appeal from a county court order granting Imburgia Construction Services, Inc.'s ("Contractor") motion to dismiss the Owners' amended complaint. For the reasons that follow, we reverse the order under review and remand with directions.

The Owners and the Contractor entered into a written construction contract for renovations to the Owners' home. The contract executed by the parties provides for arbitration as the method for binding dispute resolution. However, prior to arbitration, the parties are required to submit any claim, which includes disputes related to the contract, to the Initial Decision Maker, who the parties agreed would be the Miami Shores Village Building Department Official. A claim must be initiated within twenty-one days of the occurrence of the event giving rise to the claim. Pending resolution of a claim, the Contractor is required to proceed diligently with the performance of the contract, and the Owners are required to make payments in accordance with the contract. The initial decision by the Initial Decision Maker is a condition precedent to mediation, and mediation is a condition precedent to arbitration. The parties' contract reflects that the parties' right to proceed to binding dispute resolution—arbitration—is waived if a certain condition precedent to arbitration is not followed.

In January 2020, the Owners initiated an action against the

Contractor, and thereafter, filed an amended complaint, seeking monetary damages. In the amended complaint, the Owners asserted that on June 25, 2019, the Contractor presented a fifth change order for structural work, which the Owners refused to execute, questioning both the necessity and the price. The Owners alleged that the Contractor then abandoned the job and failed to file a claim with the Initial Decision Maker, thereby waiving any right to proceed under the contract's dispute resolution procedures. The Owners further alleged that the Contractor left unpaid subcontractor bills, and the amounts paid by the Owners exceeded the value of the work performed by the Contractor.

The Contractor moved to dismiss the amended complaint, without specifically seeking to compel arbitration. The Contractor argued that the contract stipulates for arbitration, but the Owners filed the lawsuit in contravention of the contract, thereby failing to adhere to the dispute resolution provisions. Despite not specifically seeking arbitration, the Contractor cited to section 682.181(1) of the Florida Statutes, which provides that "[a] court of this state having jurisdiction over the controversy and the parties may enforce an agreement to arbitrate." Further, the Contractor set forth the factors a court is to consider when ruling on a motion to compel arbitration—(1) whether a valid agreement to arbitrate

3

exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived, and asserted that "there is a valid written agreement with arbitrable issues and the Defendant has not waived its right to arbitrate."

Following a hearing, the trial court granted the Contractor's motion to dismiss the amended complaint. In its order, the trial court stated as follows:

> THIS COURT finds that the parties entered into a contract with a valid Binding Dispute Resolution Clause, wherein both parties agreed and elected to resolve disputes through Arbitration. Plaintiff failed to comply with any of the Dispute Resolution provisions. The Court further finds that Plaintiff's claim arises out of the parties' agreement and therefore Plaintiff's Amended Complaint is improper, and its argument of waiver has no merit since Defendant has not asserted any claims for damages.

The trial court's dismissal of the amended complaint left the Owners without a remedy for the Contractor's alleged wrongdoings. The Owners' timely appeal followed.

"[W]hether a party has waived the right to arbitrate is a question of fact, reviewed on appeal for competent, substantial evidence to support the lower's court's findings." Green Tree Servicing, LLC v. McLeod, 15 So. 3d 682, 686 (Fla. 2d DCA 2009). However, "the standard of review applicable to the trial court's construction of the arbitration provision, and to its

4

application of the law to the facts found, is de novo." Id. at 686-87.

The Owners contend that the arbitration provision in the contract is unenforceable as it was waived. We agree.

Although a dispute arose between the parties, neither party initiated a claim with the Initial Decision Maker. Under the contract, a condition precedent to mediation is filing a claim with the Initial Decision Maker, and a condition precedent to arbitration is demanding mediation of the Initial Decision Maker's decision. In this case, either party had the ability to initiate a claim with the Initial Decision Maker because the dispute relating to the fifth change order affected both parties and was related to the construction contract. However, neither party elected to do so.

As recognized by the Contractor in its motion to dismiss the amended complaint, "[i]n determining whether a dispute is subject to arbitration, courts consider at least three issues: (1) whether a valid written agreement to arbitrate exists: (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." Green Tree, 15 So. 3d at 686 (quoting Stacy David, Inc. v. Consuegra, 845 So. 2d 303, 306 (Fla. 2d DCA 2003)). In the instant case, there is no dispute that there was a valid written agreement to arbitrate and that there was an arbitrable issue. The parties, however, disagree as to whether the Contractor waived its contractual right

to arbitrate.

"[T]he question of whether there has been waiver in the arbitration agreement context should be analyzed in much the same way as in any other contractual context. The essential question is whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right." Green Tree, 15 So. 3d at 687 (quoting Nat'l Found. for Cancer Rsch. v. A.G. Edwards & Sons, Inc., 821 F.2d 772, 774 (D.C. Cir. 1987)). Waiver of an arbitration clause "may be predicated on both pre- and post-suit actions in tandem." Bland v. Green Acres Grp., L.L.C., 12 So. 3d 822 (Fla. 4th DCA 2009). The "prosecution or defense of a lawsuit on issues subject to arbitration may constitute a waiver." Green Tree, 15 So. 3d at 687 (quoting Seville Condo. #1, Inc. v. Clearwater Dev. Corp., 340 So. 2d 1243, 1245 (Fla. 2d DCA 1976)). Moreover, "a party may waive his or her right to arbitration by filing a lawsuit without seeking arbitration; by filing an answer to a pleading seeking relief without raising the right to arbitration; and by moving for summary judgment." Green Tree, 15 So. 3d at 687 (internal citations omitted).

In the instant case, the Contractor waived its right to arbitrate based on its pre-litigation action and the language in the parties' contract. As stated above, prior to binding arbitration, there are other steps that the

6

parties to the contract must take to preserve its contractual right to arbitrate—submitting a claim to the Initial Decision Maker, and thereafter, pursuing mediation. Neither party utilized this procedure to resolve their dispute relating to the fifth change order, including taking the first step—initiating a claim with the Initial Decision Maker. As such, we conclude that the parties waived their right to arbitrate under the terms of their contract. Therefore, we reverse the order granting the Contractor's motion to dismiss the amended complaint and, on remand, the trial court is instructed to order the Contractor to file an answer to the Owners' amended complaint.

Reversed and remanded with instructions.