DANIEL, Judge.
Paine, Webber, Jackson & Curtis, Inc., plaintiff below, timely appeals an order granting a motion to compel arbitration filed by Fredray, Inc., appellee and defendant below.
Paine, Webber filed suit against Fredray in county court for monies allegedly due on an account. Fredray filed an answer including affirmative defenses. Fredray also filed a counterclaim for declaratory judgment and damages in excess of $5,000.00 from Paine, Webber based on an alleged “churning” of its account and moved to transfer the action to circuit court. The motion to transfer was granted. Paine, Webber answered the counterclaim and raised several affirmative defenses. The case was set for trial for the week of February 3,1987. Fredray moved to strike the case from the trial docket and the court, in granting the motion, rescheduled the trial for the week of March 31, 1987, and again rescheduled it for the week of August 18, 1987.
On August 13, 1987, (less than a week before trial) Fredray filed a motion to compel arbitration. The motion was first denied but the trial court later reversed its ruling and ordered the parties to proceed to arbitration pursuant to an arbitration agreement contained in the Client Commodity Agreement between the parties. It is from this order that Paine, Webber appeals.
Faced with an almost identical factual situation in R.W. Roberts Construction Co. Inc. v. Masters & Co., 403 So.2d 1114 (Fla. 5th DCA 1981), this court stated:
A party’s contract right to arbitration may be waived by active participation in a law suit or by taking action inconsistent with that right. Klosters Rederi A/S v. Arison Shipping Co., 280 So.2d 678 (Fla.1973).
Waiver of the right does not necessarily depend on the timing of the motion to compel arbitration, but rather on the pri- or taking of an inconsistent position by the party moving therefor. Ojus Industries v. Mann, 221 So.2d 780 (Fla. 3d DCA 1969); King v. Thompson & McKinnon, Auchincloss Kohlmeyer, Inc., 352 So.2d 1235 (Fla. 4th DCA 1977).
Sub Judice the appellee/defendant below not only filed an answer and affirmative defenses to the initial proceedings brought in county court but also filed a counterclaim including a claim for damages in excess of $5,000.00, resulting in its motion to transfer to circuit court jurisdiction. Fre-dray thereafter continued to sit on whatever rights might have accrued to it according to the terms of the Client Commodity *273 Agreement for over a year while the case became at issue and was set for trial by the court.
Only then did Fredray decide to belatedly exercise its “right” of arbitration.
Under such circumstances, the trial court should have determined that Fredray’s right to arbitration was waived by its active participation in the law suit and action taken by it inconsistent with such right of arbitration.
The order compelling arbitration is accordingly reversed and the cause remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.