PER CURIAM.
This is an appeal from an order denying a motion to set aside a default. We reverse.
The appellee, James Arthur Patterson, was injured when his auto was involved in an accident with a truck which was under a long-term lease from the appellant, Ryder Truck Rental, Inc., to an entity not a party to this appeal. The appellant was duly served with the suit papers but due to clerical error neglected to answer or present affirmative defenses. When a default was entered against the appellant, it realized for the first time its failure to answer or otherwise defend and immediately moved to set aside the default. At the hearing on this motion, it apparently convinced the court of its excusable neglect, but because it had not provided a meritorious defense its motion to set aside the default was denied “without prejudice.” Before it filed a motion for rehearing, the appellant filed its answer, affirmative defenses, and supporting affidavits. Its subsequent motion for rehearing was ultimately denied. This appeal followed.
When a default order is filed against a party, to set aside that default the defaulted party must show three things: (1) that it had a legal excuse for failure to comply with the Florida Rules of Civil Procedure; (2) that it has a meritorious defense; and (3) that it demonstrated due diligence in seeking relief from the default. Westinghouse Elevator Co. v. DFS Constr. Co., 438 *540 So.2d 125 (Fla. 2d DCA 1983). The appellee does not dispute that there was excusable neglect, Associated Medical Institutions v. Imperatori, 338 So.2d 74 (Fla. 3d DCA 1976). The record further shows that the appellant quickly moved to set aside the default once it became aware that the default had been entered. Furthermore, it presented the meritorious defense which a long-term lessor can claim under Kraemer v. General Motors Acceptance Corp., 572 So.2d 1363 (Fla.1990), opinion on remand, 613 So.2d 483 (Fla. 2d DCA 1992), review denied, 624 So.2d 266 (Fla.1993). The record has no indication that this meritorious defense was ever considered by the trial court. From the record we think this oversight was probably due to the fact that this cause was transferred between two judges during the period that the answer and affirmative defenses were presented. Because the appellant fulfilled all three parts of the test to successfully have a default set aside, it was an abuse of the trial court’s discretion not to vacate the default. See Marshall Davis, Inc. v. Incapco, Inc., 558 So.2d 206 (Fla. 2d DCA 1990).
We accordingly reverse the order denying the motion to set aside the default. We remand for further proceedings consistent with this opinion.
Reversed and remanded.
DANAHY, A.C.J., and FULMER and QUINCE, JJ., concur.