755 So.2d 681 (1999)
Louis D. WOODALL and Gail M. Woodall, his wife, Appellants,
v.
GREEN TREE FINANCIAL SERVICING CORP., f/k/a Green Tree Financial Corp., Appellee.
No. 98-3427.
District Court of Appeal of Florida, Fourth District.
July 21, 1999.
*682 James A. Bonfiglio, Boynton Beach, for appellants.
Richard A. Nielsen of Salem, Saxon & Nielsen, P.A., Tampa, for appellee.
PER CURIAM.
This is an appeal from a non-final order granting a motion to compel arbitration in a case involving foreclosure of a note and mortgage and a counterclaim filed in relation to the underlying manufactured-home installment contract. Appellee, the party instituting the foreclosure action, sought arbitration of appellants' counterclaim based on an arbitration clause contained in the installment contract. We reverse because we conclude that the trial court erred in granting the motion to compel arbitration which was filed after appellee sought summary judgment on the counterclaim.
Appellee's filing of its motion for summary judgment and the submission of affidavits on the facts underlying the counterclaim constituted active participation in the lawsuit and a waiver of the right to arbitrate under the contractual provision. See Lapidus v. Arlen Beach Condominium Ass'n, 394 So.2d 1102, 1103 (Fla. 3d DCA 1981). Appellee's motion for summary judgment contested the merits of the issues in the counterclaim and asserted what would be raised as affirmative defenses to the counterclaim. That fact distinguishes this case from Century Surfacing, Inc. v. Metric Constructors, Inc., 422 So.2d 329 (Fla. 4th DCA 1982), where this court found that a motion for summary judgment filed by the party seeking to compel arbitration did not amount to a waiver of the contractual arbitration provision. In Century Surfacing, the motion for summary judgment was simply directed to the movant's claimed contractual entitlement to arbitration. See id.
Accordingly, we reverse and remand for proceedings consistent with this decision.
REVERSED and REMANDED.
WARNER, C.J., STONE and STEVENSON, JJ., concur.