824 So.2d 288 (2002)
MILLER & SOLOMON GENERAL CONTRACTORS, INC. and Hartford Accident and Indemnity Company, Appellants,
v.
BRENNAN'S GLASS CO., INC., Appellee.
No. 4D02-1213.
District Court of Appeal of Florida, Fourth District.
August 21, 2002.
*289 Gary L. Brown of Siegfried, Rivera, Lerner, De La Torre & Sobel, P.A., Coral Gables, for appellants.
Kevin J. Taylor and Larry R. Leiby of Leiby, Taylor, Stearns, Linkhorst and Roberts, P.A., Plantation, for appellee.
PER CURIAM.
Miller and Solomon General Contractors, Inc. ("Miller") and Hartford Accident and Indemnity Company ("Hartford")(collectively "the Appellants") appeal the trial court's order denying the Appellants' motion to dismiss or stay an underlying breach of contract action pending arbitration. We have jurisdiction. See Fla. R.App. P. 9.030(b)(1)(B)(2001).
Miller entered into a construction contract ("the Project") with The Palm 2001 Ocean Blvd, Ltd. ("the Owner"), who is not a party to the instant appeal. Pursuant to that contract, Miller entered into a subcontract with Brennan's Glass Company ("Brennan's") or ("the Appellee") wherein Brennan's agreed to provide certain glazing and window hardware for the Project. Hartford furnished the surety bond on the Project.
During the course of the Project, Brennan's alleged that Miller breached the contract. Pursuant to this allegation, Brennan's sued Miller and Hartford as the surety in Broward County, Florida.
On March 1, 2000, Miller made its first filing in the case, a motion for extension of time to respond to the amended complaint. The motion was granted. On July 14, 2000, Brennan's filed a motion for default, alleging failure by the Appellants to respond, and on July 21, 2000, the Appellants filed a motion to dismiss or stay, citing an arbitration clause in the contract. Shortly thereafter, the Appellants filed a second motion to stay, and in the alternative, a motion to change venue to Dade County. At the September 18 hearing, the trial court granted the motion to stay pending arbitration.
Thereafter, Brennan's filed a motion to vacate and a motion for rehearing on the motion to stay. The trial court entered an agreed order on the motion to vacate the order staying the proceedings and granted the motion for rehearing.
While awaiting the rehearing, Brennan's instituted discovery requests. In response, the Appellants filed a motion for sanctions alleging that due to the arbitration provision, discovery was improper at that time. At the rehearing on the motion to stay, consolidated with Appellants' motion for sanctions, the trial court denied the motion to stay. The Appellants seek review of the denial of the motion to stay only.
The Appellants argue that the resolution of all disputes arising from the parties' relationship is governed by the arbitration provisions contained in the prime and subcontracts. Conversely, Brennan's argues that by filing the second motion, the alternative motion to stay or transfer venue, and their motion for sanctions, the Appellants waived their right to arbitrate under *290 the contract. We find the Appellants did not waive their right under the contract.
"A court must compel arbitration where an arbitration agreement and an arbitrable issue exists, and the right to arbitrate has not been waived." Gale Group v. Westinghouse Elec. Corp., 683 So.2d 661, 663 (Fla. 5th DCA 1996). "Any action or proceeding involving an issue subject to arbitration should be stayed" if an application thereof has been made. Passalacqua Builders, Inc. v. Mayfair House Ass'n, 395 So.2d 1171, 1173 (Fla. 4th DCA 1981). Whether there is a "[w]aiver of the right does not necessarily depend on the timing of the motion to compel arbitration, but rather on the prior taking of an inconsistent position by the party moving therefor." Paine, Webber, Jackson & Curtis, Inc. v. Fredray, 521 So.2d 271 (Fla. 5th DCA 1988)(citing Ojus Indus. v. Mann, 221 So.2d 780 (Fla. 3d DCA 1969) and King v. Thompson & McKinnon, Auchincloss Kohlmeyer, Inc., 352 So.2d 1235 (Fla. 4th DCA 1977)). "[W]aiver may occur as the result of active participation in a lawsuit." Hill v. Ray Carter Auto Sales, Inc., 745 So.2d 1136, 1138 (Fla. 1st DCA 1999) (emphasis added). This is true because such action is generally presumed to be inconsistent with the intent to arbitrate. See id. A "motion to dismiss is in substance, a simultaneous motion to compel arbitration and a demand for arbitration." Hirschfeld v. Crescent Heights, X, Inc., 707 So.2d 955, 956 (Fla. 3d DCA 1998)(citing U.S. Fire Ins. Co. v. Franko, 443 So.2d 170 (Fla. 1st DCA 1983)).
"All questions about waivers [of arbitration] should be construed in favor of arbitration rather than against it. Rath v. Network Mktg., L.C., 790 So.2d 461, 463 (Fla. 4th DCA 2001); see also KFC Nat'l Mgmt. Co. v. Beauregard, 739 So.2d 630, 631 (Fla. 5th DCA 1999).
The question in the instant appeal revolves around whether the Appellants' participation by filing motions constitutes active participation in the case and is therefore a position inconsistent with the intent to arbitrate.
Courts have found active participation in cases in which the party seeking arbitration has defended by attacking the merits of the case as opposed to initially challenging the plaintiffs right to judicial remedy in the first place.
For example, this Court in Woodall v. Green Tree Financial Servicing Corp. spoke directly to this point. See 755 So.2d 681 (Fla. 4th DCA 1999). This Court had before it the question of whether the defendants had waived the right to arbitrate where, in response to the complaint, they filed a motion for summary judgment with supporting affidavits. See id. at 682. The Court determined that the filing of the summary judgment motion in fact acted as a waiver because it "contested the merits of the issues." Id. Likewise, in Bared and Co. v. Specialty Maintenance and Construction, Inc., 610 So.2d 1, 2-3 (Fla. 2d DCA 1992), the second district intimated that an action that actually attacked the merits of the claim would act as a waiver. In Bared, the defendants, instead of initially demanding arbitration, filed an answer and cross-claim. See id. The Court implied that since the defendants chose to attack the merits of the claim by answering and counterclaiming, they were abandoning their right to arbitrate. See id.
This Court again had the opportunity to examine such a question in Breckenridge v. Farber, 640 So.2d 208 (Fla. 4th DCA 1994). In Breckenridge, the defendant answered the complaint without a demand for arbitration. See id. at 212. In essence, the answer (without a demand for arbitration in the form of an affirmative defense) is a *291 direct attack on the meritsit is a denial of liability. Under that logic, the Court held that the defendant had waived arbitration. See id.
In Riverfront Properties, Ltd. v. Max Factor III, 460 So.2d 948 (Fla. 2d DCA 1984), the second district examined the question of what constituted a waiver. Acknowledging that filing an answer without asserting the right to arbitration acts as a waiver, the court stated that `a party who contests the merits of a claim "waives the right to arbitration.'" Id. at 952. Riverfront is instructive in the instant case for another reason. In Riverfront, in response to a partition action, the defendant filed a suit in the California courts and then filed a motion to dismiss, or in the alternative, a motion to stay pending arbitration. See id. After examining the California action and the motion to dismiss, the second district determined that the "sole objective in filing the pleadings was the recognition and judicial enforcement of its right to arbitration.... [T]he motion to dismiss did not contest the merits of the partition, it merely asked the court to dismiss the cause without prejudice to respondent's reinstituting suit depending on the outcome of arbitration." Id. (emphasis added).
Based upon these cases, it is clear that the prevailing view looks at the defendant's intention in responding. Is the defendant's response to attack the merits? If so, then waiver is acknowledged. If the defendant's response is not directed at the merits of the actual underlying claim, then waiver should not be inferred.
Therefore, to determine this issue we looked to the defendants', here the Appellants', filings in the instant case. The Appellants' first filing with the trial court was a motion for extension of time. This is not a substantive attack on the merits. The first substantive filing in this case was in fact a demand for arbitration. See Hirschfeld, 707 So.2d at 956. Because, the first substantive filing made by the Appellants was a motion to stay invoking the contractual arbitration clause, we conclude the trial court erred in finding that the Appellants waived their right to arbitration. Consequently, we reverse and remand for the trial court to enter an order granting the motion to stay.
REVERSED AND REMANDED.
GUNTHER, FARMER and MAY, JJ., concur.