KLEIN, J.
Plaintiffs sued defendant for the return of a deposit they made for the construction of a home. After they obtained a default judgment the defendant moved to set it aside but the trial court denied relief on the ground that the defendant failed to allege a meritorious defense. We reverse.
Although the sworn motion to set aside the default did not include a defensive pleading alleging a meritorious defense, the motion itself stated that it was the plaintiffs who were in breach of the contract under which the deposit was made, not the defendant. The trial court erred in concluding that this was insufficient to raise a meritorious defense. Perry v. Univ. Cabs, Inc., 344 So.2d 914 (Fla. 3d DCA 1977) (the existence of a meritorious defense can be demonstrated by a sworn motion to set aside a default, as well as by a defensive pleading).
After the trial court denied the motion, defendant moved for rehearing, attaching an answer and affirmative defenses which raised a meritorious defense. It was also error for the trial court to have denied the motion for rehearing. Hollywood v. Cordasco, 575 So.2d 301 (Fla. 4th DCA 1991) (defective motion to vacate default can be cured by motion for rehearing correcting the deficiency). Ryder Truck Rental, Inc. v. Patterson, 633 So.2d 539 (Fla. 2d DCA 1994) (same). Reversed.
GUNTHER and MAY, JJ., concur.