MAASS, ELIZABETH T., Associate Judge.
Julian Bland, the defendant below, filed an interlocutory appeal from the trial court’s denial of his request to compel arbitration. We conclude that there was competent, substantial evidence that Bland’s actions before and during suit waived the contract’s arbitration clause, and affirm.
On March 19, 2005, Bland contracted to sell raw land to Green Acres Corp., LLC’s predecessor in interest. Green Acres sued Bland for breach of contract in 2005. In March of 2006, Bland, a British citizen, filed a limited appearance and motion to dismiss when Green Acres was unable to timely effect service. Green Acres filed a notice of lis pendens against the property August 10, 2005, of which Bland became aware not later than May 26, 2006. Green Acres voluntarily dismissed the 2005 case on August 21, 2007.
That same day, Green Acres again sued Bland for breach of contract. A week later, Green Acres’s counsel wrote Bland’s counsel, told him that Green Acres had refiled the case, and asked whether he could accept service. Instead, Bland was purportedly served by constructive process in the 2007 suit. The court entered a default October 22, 2007. Four days later, Bland’s counsel reinstigated settlement negotiations, demanding “the dismissal without prejudice of the action in question” as part of the settlement. On December 6, 2007, Green Acres filed a motion for default final judgment. Bland served a Notice of Limited Appearance and unsworn motion on December 14, 2007. The motion alleged that service was improper; that he did not know he had been constructively served; that his failure to timely respond was excusable; and that he had “Contractual Defenses to bringing of this action in the Circuit Court,” without stating what they were. Hearing on Bland’s motion was set for January 23, 2008, but canceled by Bland so that the parties could further pursue settlement.
On May 8, 2008, Green Acres served a motion to enforce settlement. That motion was set for hearing in August of 2008. On July 29, 2008, Bland served a Motion to Stay and to Compel Arbitration asking, for the first time, that the dispute be resolved in arbitration.[1] Hearing on Bland’s motion to set aside the default was set for August 8, 2008.
Bland piggybacked his motion to compel arbitration onto the August 8, 2008 hearing. The trial court refused to vacate the default. Since no final judgment has been entered, that order is not yet subject to *824 review. See Fla. R.App. P. 9.130(a)(3). Consequently, we do not comment on the propriety of that order but assume for the purpose of this opinion that it was correct.[2] The trial court denied the motion to compel arbitration, finding that Bland had waived the contract’s arbitration clause.
The parties’ contract provided, in pertinent part, that:
Buyer and Seller will have 30 days from the date a dispute arises between them to attempt to resolve the matter through mediation, failing which the parties will resolve the dispute through neutral binding arbitration in the county where the property is located ....
In ruling on a motion to compel arbitration, the court must consider whether a valid written agreement to arbitrate exists; whether an arbitrable issue exists; and whether the right to arbitration has been waived. See Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999). The parties agree that there is an arbitration clause and that the issue raised in Green Acres’s complaint is arbitrable. Green Acres waived its right to seek arbitration, at a minimum, when it filed suit. See Lapidus v. Arlen Beach Condo. Ass’n, Inc., 394 So.2d 1102, 1103 (Fla. 3d DCA 1981). Bland denies that he had waived the clause, though.
Determining whether a party has waived an arbitration clause involves the same fact sensitive analysis as finding waiver of any other contractual provision. See Raymond James Fin. Serv., Inc. v. Saldukas, 896 So.2d 707, 711 (Fla.2005). Thus, a party may waive a right to arbitrate after suit has been filed by actively participating in the suit. See Miller & Solomon Gen. Contractors, Inc. v. Brennan’s Glass Co., 824 So.2d 288, 290 (Fla. 4th DCA 2002). Filing an answer without claiming the action should be referred to arbitration waives the right to arbitrate. King v. Thompson & McKinnon, Auchincloss Kohlmeyer, Inc., 352 So.2d 1235, 1235 (Fla. 4th DCA 1977); Lapidus, 394 So.2d at 1103.
Here, a default was entered against Bland, the effect of which was to admit the complaint’s well pled allegations. See Donohue v. Brightman, 939 So.2d 1162, 1164-65 (Fla. 4th DCA 2006). Assuming proper service of process and actual knowledge of the case, it is difficult to imagine a more emphatic repudiation of the right to arbitrate than an admission that a court is a proper forum to determine the claim.[3]
*825 Even when Bland moved to vacate the default and thus was required to apprise the court of his meritorious defenses, he did not directly raise the arbitration clause. See Global Constr. Servs., Inc., 890 So.2d 445, 446 (Fla. 4th DCA 2004); Perry v. Univ. Cabs, Inc., 344 So.2d 914, 915 (Fla. 8d DCA 1977). Arguably, his failure to specifically raise the arbitration clause at that point waived his right to assert it. See Transamerica Ins. Co. v. Weed, 420 So.2d 370, 372 (Fla. 1st DCA 1982). An arbitration clause is not a “Contractual Defense” to the action’s merits. See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) (agreeing to arbitrate a claim does not forgo substantive rights but merely submits their resolution to arbitral, not judicial, forum); Global Travel Markg., Inc. v. Shea, 908 So.2d 392, 403 (Fla.2005) (arbitration clause does not extinguish the underlying claim). Bland did not move to compel arbitration until over seven months after appearing in the 2007 suit, and almost eleven months after he knew about it.
Bland’s post-filing actions alone support the trial court’s finding of waiver. Like any other contract provision, though, arbitration may be waived before suit is even filed if “under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right.” Raymond James Fin. Servs., Inc., 896 So.2d at 711 (citation omitted). It follows, then, that a finding of waiver may be predicated on both pre- and post-suit actions in tandem. Here, the trial court heard evidence that Bland knew of the 2005 suit no later than March of 2006; actively avoided service; never sought to trigger the mediation pre-condition to arbitration; never made a demand to arbitrate under Fla. Stat. § 684.22(1); waited eleven months after learning suit had been refiled and over seven months after appearing to seek to compel arbitration; and engaged in settlement negotiations for years without raising the arbitration clause. These actions are sufficient to waive arbitration. See O.J. Distrib., Inc. v. Hornell Brewing Co., 340 F.3d 345, 358-59 (6th Cir.2003). We find competent, substantial evidence to support the trial judge’s conclusion, and affirm.
GROSS, C.J., concurs.
FARMER, J., dissents with opinion.

. Though, given Bland's non-resident status, enforcement of the arbitration clause is subject to the Florida International Arbitration Act, Fla. Stat. Ch. 684.01, et seq., neither the motion to compel nor the record on appeal shows that Bland made a prior demand for arbitration. See § 684.22(1), Fla. Stat. Bland’s failure to comply with this statutory condition precedent arguably waived his right to seek to compel arbitration. See Hubbard Constr. Co. v. Jacobs Civil, Inc., 969 So.2d 1069 (Fla. 5th DCA 2007).

. The hearing on the motion to vacate the default and motion to compel arbitration was informal. Most of Bland’s motion to vacate the default (which was not co-titled as a motion to quash service) assumed proper service and sought to vacate the default based on due diligence, excusable neglect, and the existence of a meritorious defense. Both the trial judge and opposing counsel pointed out that Bland submitted nothing under oath to support his motion. Bland claimed constructive service was improper only because paragraph 3 of the Sworn Statement of Constructive Service, which averred that the sheriff had been told by the occupants of Bland's former Okeechobee County address that Bland had moved to England and left no forwarding address, contained double hearsay. Paragraph 6 of the sworn statement, though, averred that Bland’s counsel “had been advised of this case but refused to provide [Bland's] address.” Bland’s counsel acknowledged having received a letter from Green Acres's counsel telling him the case had been refiled and asking him to accept service. He did not challenge the factual accuracy of the sworn statement or argue that any of the causes of action raised would not permit published service. We recite this background only to make clear that, based on the record in ¡his interlocutory appeal, the legal adequacy of Bland's motion to vacate is disputable, not to resolve that dispute, an issue not before us.

. An arbitration clause does not deprive a court of subject matter jurisdiction. See Gen. Star Nat'l Ins. Co. v. Administratia Asigurarilor de Stat, 289 F.3d 434, 438 (6th Cir.2002). *825 Instead, much like a judicial forum selection clause, an arbitration clause "constitutes a prospective choice of forum.” Global Travel Mktg., Inc. v. Shea, 908 So.2d 392, 403 (Fla. 2005). Forum selection clauses may be waived. See, e.g., Three Seas Corp. v. FFE Transp. Servs., Inc., 913 So.2d 72, 75 (Fla. 3d DCA 2005) (Texas forum selection clause waived by failure to raise in defensive motion or answer, though contract containing selection clause an exhibit to complaint). As the Fifth District Court of Appeal noted, this court’s decision in Opti, Inc. v. Sales Eng’g Concepts, Inc., 701 So.2d 1234 (Fla. 4th DCA 1997), predated the Florida Supreme Court's opinion in Seifert, 750 So.2d 633, which held that a party seeking to enforce an arbitration clause must do so affirmatively. See Bojadzijev v. Roanoke Tech. Corp., 997 So.2d 1251, 1253 (Fla. 5th DCA 2009). See also Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1290 (11th Cir.1998) (otherwise proper motion to dismiss based on forum selection clause properly brought under Fed.R.Civ.P. 12(b)(3) (improper venue), not 12(b)(1) (lack of subject matter jurisdiction)). The logical extension of the dissent’s argument that the complaint must affirmatively plead facts supporting a waiver of the arbitration clause is that a defaulted defendant could successfully appeal an otherwise proper final judgment based solely on the trial court's failure to refer the dispute to arbitration, though no demand for arbitration had been made.