DAMOORGIAN, J.
Peter Price, the defendant in the trial court, timely appeals the trial court’s non-final order denying his motion to compel arbitration of civil claims brought against him. We hold that the trial court incorrectly determined that Price waived his right to arbitrate the underlying claims. We remand for the trial court to consider Price’s motion on the merits.
Fax Recovery Systems, Inc. and Joel Nussenblatt (collectively “FRS”) brought suit against Price, alleging claims for monies owed, breach of contract, accounting, and civil theft arising out of Price’s purchase of assets from FRS. The terms of the sale and purchase of the assets were governed by the parties’ Asset Purchase Agreement (“Agreement”). In response to the complaint, Price filed a motion to dismiss FRS’s complaint on the grounds that the Agreement contained an arbitration clause and that all claims were to be resolved by arbitration. After several attempts, Price’s motion was set for hearing. Price did not attend the hearing. The trial court denied the motion and ordered Price to file an answer to the complaint within ten days. Instead of filing an answer, Price filed a motion to compel arbitration. Before the motion to compel arbitration could be heard, FRS filed a motion for default against Price for his failure to file an answer. The trial court entered an order granting FRS’s motion for default. Notwithstanding the entry of a default, and for reasons not apparent from the record, the trial court ordered Price to file an answer within five days. The order also provided that “defendant may pre *837 serve [his] right to determine his motion to compel arbitration.”
Thereafter, Price filed an answer, affirmative defenses, and a counterclaim. One of Price’s affirmative defenses alleged that the “Agreement has an arbitration clause.” Subsequent to filing his answer, Price scheduled a hearing on his previously-filed motion to compel arbitration. The trial court denied the motion to compel arbitration, reasoning that Price had waived his right to compel arbitration as a result of the filing of a counterclaim. This appeal follows.
“We review de novo the trial court’s denial of a motion to compel arbitration.” Gordon v. Shield, 41 So.3d 931, 933 (Fla. 4th DCA 2010) (citing King Motor Co. of Fort Lauderdale v. Jones, 901 So.2d 1017, 1018 (Fla. 4th DCA 2005)).
Price acknowledges that the right to arbitrate can be waived. However, he argues that the trial court erred in finding that he had waived his right to arbitrate. FRS counters that Price waived his right to arbitrate by filing his counterclaim, including adding additional parties to the action.
In determining whether to compel arbitration, the court must answer three questions: “(1) whether a valid arbitration provision exists, (2) whether there is an arbitrable issue, and (3) whether the right to arbitrate has been waived.” Shetty v. Palm Beach Radiation Oncology Assocs.-Sunderam K. Shetty, M.D., P.A., 915 So.2d 1233, 1234 (Fla. 4th DCA 2005) (citing Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999)). The only question in this case is whether Price has waived his arbitration right by filing his counterclaim. We hold that he did not because Price properly asserted his right to arbitrate by filing both a motion to dismiss and a motion to compel arbitration prior to filing his responsive pleading and counterclaim, and again asserted his right to arbitrate in the form of an affirmative defense.
A party’s arbitration rights may be waived by taking action inconsistent with its arbitration rights. Raymond James Fin. Servs., Inc. v. Saldukas, 896 So.2d 707, 711 (Fla.2005). “Filing an answer without claiming the action should be referred to arbitration” is inconsistent with asserting an arbitration right and “waives the right to arbitrate.” Bland v. Green Acres Grp., 12 So.3d 822, 824 (Fla. 4th DCA 2009) (citing King v. Thompson & McKinnon, Auchincloss Kohlmeyer, Inc., 352 So.2d 1235, 1235 (Fla. 4th DCA 1977)); see also Miller & Solomon Gen. Contractors, Inc. v. Brennan’s Glass Co., 824 So.2d 288, 290-91 (Fla. 4th DCA 2002) (“In essence, the answer (without a demand for arbitration in the form of an affirmative defense) is a direct attack on the merits— it is a denial of liability.”); Lapidus v. Arlen Beach Condo. Ass’n, 394 So.2d 1102, 1103 (Fla. 3d DCA 1981).
However, where a party’s first substantive filing invokes the arbitration clause, the trial court errs in finding that the party wishing to arbitrate has waived its right to do so. See Miller, 824 So.2d at 291. Furthermore, even when a motion to compel arbitration and a counterclaim are filed at the same time, without some other indicia of waiver such as participating in discovery, a finding of waiver is not proper. See Waterhouse Constr. Grp., Inc. v. 5891 SW 64th St., LLC, 949 So.2d 1095, 1100-01 (Fla. 3d DCA 2007); Concrete Design Structures, Inc. v. P.L. Dodge Found., Inc., 532 So.2d 1334, 1334-35 (Fla. 3d DCA 1988).
Price twice asserted his arbitration right before filing his answer and counterclaim. The first time he did so was in his motion to dismiss. After that motion was denied, Price then filed his motion to compel arbi *838 tration in lieu of filing a responsive pleading. Perhaps more compelling is that the trial court noted, in its order granting FRS’s motion for default, that “defendant may preserve [his] right to determine his motion to compel arbitration.” Next, Price filed his answer and counterclaim, again asserting his right to arbitration in the form of an affirmative defense. Under our holdings in Bland and Miller, Price’s filing of an answer and counterclaim did not constitute a waiver of his right to arbitration. See Bland, 12 So.3d at 824; Miller, 824 So.2d at 290-91. Accordingly, the trial court erred when it denied Price’s motion to compel arbitration on the grounds that “the defendant has waived his right to compel arbitration, due to the filing of his counterclaim adding additional parties.”

Reversed and remanded for further proceedings consistent with this opinion.

MAY and GERBER, JJ., concur.