CIKLIN, J.
Glenn B. Wright, Jr. (“Wright”) appeals a non-final order denying his motion to compel arbitration of his dispute with Allan Cohara (“Cohara”). We affirm the order because Wright waived his right to arbitration by taking actions inconsistent with his arbitration rights.
Wright is the owner and principal of Glenn B. Wright Construction and Development, Inc. (“Wright Construction”). *1277 Wright Construction entered into a Standard Purchase Agreement (the “Contract”) with Cohara whereby Wright Construction was to construct a house for Cohara. The Contract contained an arbitration provision providing, “Any dispute or claim arising under or with respect to this agreement will be resolved by arbitration.... ”
One month later, the parties signed an “Addendum” to the Contract whereby Wright, who was not a party to the original Contract, individually agreed “to buy back the residence ... during the first year of ownership for a purchase price of $1,350,000” if Cohara could not sell the property after listing it in good faith with a licensed real estate broker for six months. Additionally, the Addendum concluded by stating that “[t]he above provisions and amendments are the only changes to the Contract and have no effect on the balance of the agreement.” The Addendum was signed by Cohara, Wright Construction, and Wright, individually.
In November 2007, Cohara filed a complaint against both Wright Construction and Wright, individually (collectively referred to as the “defendants”), alleging that they breached the Contract and Addendum by failing to buy back the residence. In January 2008, the defendants filed, as their first response to the complaint, a motion to compel arbitration and to either dismiss the suit or to stay the case pending the outcome of arbitration.
There is nothing in the record indicating that the defendants did anything further to procure a ruling on their motion. In August 2008, however, the defendants participated in discovery by serving a request for production of documents on Cohara. In November 2008, Cohara filed a second amended complaint which contained the same causes of action against the defendants but now included additional parties and separate counts against those additional parties. In response to the second amended complaint, the defendants filed an answer and affirmative defenses but did not move to compel arbitration.
Finally, in September 2009, Cohara filed a third amended complaint. The counts and allegations against the defendants remained unchanged. On May 6, 2011 (more than one and a half years after the third amended complaint was filed), Wright individually filed a motion to dismiss the third amended complaint or to stay the matter pending arbitration. On August 29, 2011, the trial court entered an order denying Wright’s request for arbitration. Wright now appeals that ruling.
We review a trial court’s order denying a motion to compel arbitration de novo. BGT Grp. v. Tradewinds Engine Servs., 62 So.3d 1192, 1194 (Fla. 4th DCA 2011). “[T]here are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.” Id. (quoting Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999)).
First, we agree with Wright that a valid written agreement to arbitrate exists between him and Cohara. While Wright, individually, was not a party to the original Contract, he was a party to the Addendum. The plain language of the Addendum, however, makes it clear that the Addendum was intended to be a modification to the original Contract which incorporated all the terms of the Contract. The first paragraph of the Addendum specifically identifies the Contract that it is modifying by the title of the Contract, the parties to the Contract, and the date the Contract was signed. The final paragraph specifies that the “above provisions and *1278 amendments are the only changes to the Contract and have no effect on the balance of the agreement.” Thus, the plain language of the Addendum shows that the intent of the parties was for the Addendum to serve as a contract modification that incorporated all of the terms of the original Contract. See Crawford v. Barker, 64 So.3d 1246, 1255 (Fla.2011) (“Where the terms of a contract are clear and unambiguous, the parties’ intent must be gleaned from the four corners of the document. In such a situation, the language itself is the best evidence of the parties’ intent, and its plain meaning controls.” (citations and quotation marks omitted)).
Although a valid written arbitration agreement exists and it is undisputed that the subject matter of this controversy falls within the scope of that agreement, we affirm the trial court’s order denying Wright’s motion to compel arbitration because Wright waived his right to arbitrate by taking actions inconsistent with that right. See Price v. Fax Recovery Sys., 49 So.3d 835, 837 (Fla. 4th DCA 2010) (“A party’s arbitration rights may be waived by taking action inconsistent with its arbitration rights.”).
While Wright’s first response to the initial complaint was a motion to compel arbitration, he took no action on that motion for more than three and a half years, and instead propounded discovery and took other actions to attack the merits of the case. See Green Tree Servicing, LLC v. McLeod, 15 So.3d 682, 687 (Fla. 2d DCA 2009) (“A party who timely asserts the right to arbitration may still waive the right by later conduct that is inconsistent with the arbitration request.”).
In August 2008, Wright participated in discovery which was related to the merits of the case by propounding a request for production of documents on Cohara. By propounding discovery without first trying to obtain a ruling on the motion to compel arbitration which he had filed seven months earlier, Wright waived his right to arbitrate. See Gordon v. Shield, 41 So.3d 931, 933 (Fla. 4th DCA 2010) (“[T]he active participation in litigation or the propounding of discovery would be circumstances where the right to arbitrate would be deemed waived.” (emphasis added)).
Additionally, Wright took other actions which were inconsistent with his right to arbitrate. In November 2008, Cohara filed a second amended complaint. Wright filed an answer with affirmative defenses, but did not move to compel arbitration (either as an affirmative defense or as a separate motion). See Bland, v. Green Acres Grp., 12 So.3d 822, 824 (Fla. 4th DCA 2009) (“Filing an answer without claiming the action should be referred to arbitration waives the right to arbitrate.”). In September 2009, Cohara filed a third amended complaint. Wright then waited more than one and a half years before filing a motion to compel arbitration. Wright’s inaction constituted conduct that was inconsistent with his right to arbitrate. Even if this long delay were not inconsistent with the right to arbitrate, Wright’s earlier actions already constituted a waiver and he could not reclaim his arbitration right without Cohara’s consent. See McLeod, 15 So.3d at 687 (“[OJnce a party has waived the right to arbitration by active participation in a lawsuit, the party may not reclaim the arbitration right without the consent of his or her adversary.”).
For these reasons, we affirm the order of the circuit court denying Wright’s motion to compel arbitration.

Affirmed.

TAYLOR and GERBER, JJ., concur.