SILBERMAN, Judge.
Audio Visual Innovations, Inc. (AVI), seeks review of the order denying its motion to compel arbitration of Michael G. Spiessbach’s claim for retaliatory discharge which was filed pursuant to section 440.205, Florida Statutes (2011). AVI argues that the trial court erroneously determined that arbitration would defeat the remedial purposes of section 440.205. And AVI claims that it was entitled to arbitration because it otherwise satisfied all the elements of arbitrability. We agree with both points and reverse.
In April 2012, Spiessbach filed a complaint alleging that AVI’s termination of his employment was a retaliatory discharge in violation of section 440.205.[1] Spiessbach had injured his back by moving a heavy object at work in January 2012. He notified AVI of his injury and filed a claim for workers’ compensation benefits. According to the complaint, AVI treated *525 Spiessbach differently after his injury and eventually terminated him because of his claim for benefits.
AVI filed two unopposed motions for extensions of time in which to respond to the complaint, indicating that the parties had voluntarily scheduled a mediation conference. In September 2012, after mediation resulted in an impasse, AVI filed a motion to compel arbitration under the dispute resolution agreement that Spiess-bach had signed when he was hired. After conducting a hearing, the trial court entered an order denying AVI’s motion to compel arbitration, concluding that “[t]he remedial purposes of Section 440.205, Fla. Stat., would be defeated by the parties’ arbitration agreement.”
On appeal, AVI challenges the trial court’s conclusion and further contends that it was entitled to arbitration because it otherwise satisfied the elements of arbi-trability. Spiessbach raises several arguments in response, none of which supports affirmance.
A. The Trial Court’s Determination as to Remedial Purposes
“[A]ny arbitration agreement that substantially diminishes or circumvents [statutory] remedies stands in violation of the public policy of the State of Florida and is unenforceable.” Shotts v. OP Winter Haven, Inc., 86 So.3d 456, 474 (Fla.2011). Because AVI has not produced a transcript of the hearing on Spiessbach’s motion to compel, we are unable to conclusively determine which provisions of the agreement the court found defeated the remedial purposes of section 440.205. However, our review of this issue is not thwarted by the absence of a transcript because the issue presents a question of law regarding the terms of the agreement. See Ronbeck Constr. Co. v. Savanna Club Corp., 592 So.2d 344, 348 (Fla. 4th DCA 1992) (noting that the rule requiring affir-mance based on the absence of a transcript “applies only where the trial court’s decision turns on its resolution of contested facts”).
Spiessbach directs our attention to the agreement’s provisions regarding payment of the arbitrator’s fees and expenses and the arbitrator’s authority to award attorney’s fees and costs. We disagree that these provisions defeat Spiessbach’s remedies under section 440.205. The agreement provides for the payment of arbitrator’s fees and costs as follows: “Employee shall notify Employer whether Employee wishes to pay half of the Arbitrator’s fees and expenses or whether all such fees and expenses shall be paid by Employer.” This provision is permissive and imposes no obligation on the employee to pay. And while the agreement contains a provision authorizing the award of attorney’s fees as sanctions, this provision is analogous to the statutory provision in section 57.105, Florida Statutes (2011), which would authorize fees at trial. Further, in civil litigation, the prevailing party may recover legal costs. See § 57.041, Fla. Stat. (2011). Moreover, the agreement expressly states that “the Arbitrator shall have the same power and authority as would a judge in a non-jury court trial to grant any relief that a court could grant, as may be in conformance with applicable principles of common, decisional, and statutory law in the relevant jurisdiction.”
B. The Elements of Arbitrability
The Florida Supreme Court has set forth three elements of arbitrability: “(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.” Raymond James Fin. Servs., Inc. v. Saldukas, 896 So.2d 707, 711 (Fla.2005) (citing Seifert v. U.S. *526 Home Corp., 750 So.2d 633, 636 (Fla.1999)). As with the previous issue, our review of this issue is not thwarted by the absence of a transcript because the issue presents a question of law regarding the terms of the agreement and there are no contested facts. See Ronbeck, 592 So.2d at 348.
1. Whether a Valid Written Agreement to Arbitrate Exists
Spiessbach argues that the agreement is invalid because it contains a confidentiality clause that renders it substantively unconscionable. However, both substantive and procedural unconscionability are required to support an unconscion-ability defense to an arbitration agreement in Florida. See SA-PG Sun City Ctr., LLC v. Kennedy, 79 So.3d 916, 919 (Fla. 2d DCA 2012). Without an allegation of procedural unconscionability, we need not address any alleged substantive unconscionability. See id. Thus, we reject Spiessbach’s claim on this issue.
2. Whether an Arbitrable Issue Exists
The agreement provides, in pertinent part, that “Employee and Employer agree to submit for resolution pursuant to the Dispute Resolution Agreement any claim or disputes (as described above).” The agreement describes “Employment-Related Disputes” as including “all claims asserted by a current or former employee relating to or arising out of the individual’s employment with Employer.” “Claims” are described as follows:
The term “claims” includes, but is not limited to, any claim by Employee based on a common law contract or tort claim, or a federal, state, or other statutory claim. The term “claims” also includes, but is not limited to, any administrative complaint based upon a common law contract or tort claim, or a federal, state, or other statutory claim.... The term “claims” does not include any legal action by Employee for workers’ compensation benefits, unemployment benefits, or claims requiring resolution under a different procedure pursuant to the terms of an employee benefit plan.
(Emphasis added.)
Spiessbach does not dispute that his retaliatory discharge claim is a “statutory claim” filed “by a current or former employee relating to or arising out of the individual’s employment.” But Spiessbach argues that his claim falls under the agreement’s exclusion for “any legal action by Employee for workers’ compensation benefits.” Spiessbach asserts that section 440.205’s statutory protection from retaliatory discharge provides for “workers’ compensation benefits.”
The resolution of this issue turns on whether a retaliatory discharge action filed pursuant to section 440.205 is an action “for workers’ compensation benefits” as contemplated by the agreement. Section 440.205 is contained in chapter 440, which is entitled “Workers’ Compensation.” Chapter 440 sets forth a legislative intent “to assure the quick and efficient delivery of disability and medical benefits to an injured worker and to facilitate the worker’s return to gainful reemployment at a reasonable cost to the employer.” § 440.015 (emphasis added). And chapter 440 sets forth a special “[pjrocedure for resolving benefit disputes.” See § 440.192. An employee seeking “any benefit that is ripe, due, and owing” initiates this procedure by filing “a petition for benefits” with the Office of the Judges of Compensation Claims. § 440.192(1).
However, this procedure is completely separate from a cause of action for retaliatory discharge under section 440.205, which is resolved by the filing of a complaint in circuit court. See Smith v. Piezo *527 Tech. & Prof'l Adm’rs, 427 So.2d 182, 183-84 (Fla.1988). In Smith, the supreme court determined that claims brought pursuant to section 440.205 must be filed in a court of competent jurisdiction and rejected the argument that such claims should be brought before the Office of the Judges of Compensation Claims like claims for disability and medical benefits under chapter 440. Id. at 185. In so ruling, the court expressly determined that “[a] section 440.205 wrongful discharge is not a claim for compensation or benefits as those terms are used in Chapter 440.” Id. at 184. Because Spiessbach’s claim does not fall under the agreement’s exclusion for claims “for workers’ compensation benefits,” an arbitrable issue exists.
3. Whether the Right to Arbitration Was Waived
Spiessbach argues that AVI waived its right to arbitrate by filing two motions for extension of time to answer the complaint, participating in mediation, and waiting five months before demanding arbitration. “Waiver of the right to arbitration results from active participation in a lawsuit or from taking action inconsistent with that right.” O’Keefe Architects, Inc. v. CED Constr. Partners, Ltd., 944 So.2d 181, 185 n. 4 (Fla.2006). “Whether there is a ‘[w]aiver of the right does not necessarily depend on the timing of the motion to compel arbitration, but rather on the prior taking of an inconsistent position by the party moving therefor.’” Miller & Solomon Gen. Contractors, Inc. v. Brennan’s Glass Co., Inc., 824 So.2d 288, 290 (Fla. 4th DCA 2002) (alteration in original) (quoting Paine, Webber, Jackson & Curtis, Inc. v. Fredray, Inc., 521 So.2d 271 (Fla. 5th DCA 1988)). The filing of a motion for extension of time that delays a demand for arbitration is not the sort of active participation in a lawsuit that constitutes a waiver because it “is not a substantive attack on the merits.” Id. at 291.
Similarly, AVI’s participation in mediation did not amount to taking a position on the merits that would be inconsistent with its right to arbitration. In fact, the agreement contains a “Pre-Arbi-tration Dispute Resolution” provision that encourages the parties to participate in voluntary mediation prior to proceeding to arbitration. Cf. Strominger v. AmSouth Bank, 991 So.2d 1030, 1034 (Fla. 2d DCA 2008) (noting that generally, a defendant waives arbitration by filing a motion for summary judgment addressed to the merits of the complaint); Bland v. Green Acres Grp., L.L.C., 12 So.3d 822, 824 (Fla. 4th DCA 2009) (reiterating that a defendant waives arbitration by filing an answer without asserting the right to arbitrate). Because AVI filed a motion to compel arbitration before filing a responsive pleading, the right to arbitration was not waived. See Price v. Fax Recovery Sys., Inc., 49 So.3d 835, 837 (Fla. 4th DCA 2010).
C. Conclusion
In conclusion, the trial court erred in denying AVI’s motion to compel arbitration on the basis that arbitration would defeat the remedial purposes of section 440.205. Furthermore, AVI has satisfied all the elements of arbitrability by establishing the existence of a valid written agreement to arbitrate, the existence of an arbitrable issue, and the absence of waiver. Accordingly, we reverse and remand with directions for the trial court to grant AVI’s motion.
Reversed and remanded.
KELLY and MORRIS, JJ„ Concur.

. Section 440.205 provides that "[n]o employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.”