# Third District Court of Appeal

## State of Florida

Opinion filed August 17, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1047
Lower Tribunal No. 19-28425
_____

**1906 Collins LLC, etc., et al.,**
Appellants,

vs.

**Miguel Angel Chibras Romero, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Dickinson Wright PLLC, and Catherine F. Hoffman and Vijay G. Brijbasi, (Fort Lauderdale), for appellants.

Law Office of John H. Schulte, and John H. Schulte, for appellees.

Before SCALES, GORDO and BOKOR, JJ.

BOKOR, J.

The lawsuit before the trial court asserts multiple claims against several defendants and involves a dispute between once-partners, owners, managers, and operators of Bâoli, a popular nightclub in Miami Beach. International partners, holding companies, big business, real estate, allegations of contractual breach and betrayal—the music stopped, the parties soured on each other, and the cold florescent lights of the Dade County Courthouse replaced the velvet ropes, bottle service, and thumping beats of the South Beach nightclub scene. But this appeal addresses none of that intrigue. Here, we just determine who gets to hear it.

The operators of the nightclub, 1906 Collins, LLC and Mr. Hospitality, LLC, seek relief from the trial court's order compelling arbitration on certain counts of the amended complaint. The operators contend that the relevant agreement permits the claims to proceed in the underlying lawsuit. For the reasons explained below, we agree with the operators.[1]

**BACKGROUND**

Five of the eight counts of the operative complaint filed by 1906 Collins and Mr. Hospitality address the conduct of Michael Ridard, an employee of Mr. Hospitality and the chief operating officer of the nightclub. Count III

---

[1] We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(C)(iv).

2

asserts a breach of non-solicitation and non-competition covenants in Ridard's employment agreement with Mr. Hospitality.[2] Counts IV and V assert claims against various other defendants for aiding and abetting Ridard's alleged breach of contract. Count VI claims tortious interference by Ridard with the nightclub's business based on the same conduct. Count VII asserts common law unfair competition claims against Ridard and other defendants, also based on the same conduct. All these claims sought both damages and injunctive relief to enforce the terms of the employment agreement.

Ridard and the other defendants moved to compel arbitration pursuant to the employment agreement. The agreement contains an arbitration provision stating that "[e]xcept as provided in **Section 6F** hereof, any controversy arising out of or relating to this Agreement or the breach hereof shall be settled by arbitration." Section 6F of the agreement, titled "Injunctive Relief," provides that:

> Ridard acknowledges and agrees that the covenants and restrictions contained in **Sections 6A through 6E** hereof are necessary, fundamental and required for the protection of the goodwill of the Business and the Company, and that such covenants and restrictions relate to matters which are of a special, unique and extraordinary character that gives each of such covenants and restrictions a special, unique and

---

[2] Ridard and Mr. Hospitality were the only signatories to the employment agreement.

extraordinary value. For these reasons, and because a breach of the covenants and restrictions contained in **Sections 6A through 6E** hereof will result in irreparable harm and damages to the Company that cannot be adequately compensated by a monetary award, it is expressly agreed that in addition to all other remedies available at law or equity, the Company shall be entitled to the immediate remedy of a temporary restraining order, preliminary injunction, or other form of injunctive or equitable relief as may be used by any court of competent jurisdiction to restrain or enjoin Ridard from breaching any such covenant or restriction, or to specifically enforce the provisions of these Sections, without posing [sic] bond.

Interpreting this agreement, the trial court granted the motion to compel arbitration as to counts III through VII, finding that a valid and enforceable arbitration agreement existed between Mr. Hospitality and Ridard, that the agreement mandated arbitration of the claims against Ridard, and that the other parties could also be compelled to arbitrate because the claims involving them relied on the same factual nucleus as the claims against Ridard. This appeal followed.

## ANALYSIS

We review a trial court's order on a motion to compel arbitration de novo. See, e.g., MV Ins. Consultants v. NAFH Nat'l Bank, 87 So. 3d 96, 98 (Fla. 3d DCA 2012). Under both the state and federal arbitration codes, when considering a motion to compel arbitration, a court evaluates three factors: (1) whether a valid agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration has been

4

waived.  See, e.g., Seifert v. U.S. Home Corp., 750 So. 2d 633, 636 (Fla. 1999).  "A court must compel arbitration where an arbitration agreement and an arbitrable issue exists, and the right to arbitrate has not been waived." Miller & Solomon Gen. Contractors, Inc. v. Brennan's Glass Co., Inc., 824 So. 2d 288, 290 (Fla. 4th DCA 2002) (quotation omitted).  "[I]n determining whether the parties have agreed to arbitrate a particular dispute, arbitration provisions are to be construed following general principles of contract interpretation, and no party may be forced to submit a dispute to arbitration if the parties did not intend and agree to arbitrate that dispute."  MV Ins. Consultants, 87 So. 3d at 98–99 (citation omitted).

The employment agreement unambiguously excludes claims described in Section 6F from arbitration.  Section 6F (which references and directly follows Sections 6A through 6E, the non-solicitation and non-compete covenants allegedly breached by Ridard) allows Mr. Hospitality to seek, "in addition to all other remedies available at law or equity, injunctive or equitable relief as may be used by any court of competent jurisdiction to restrain or enjoin Ridard from breaching any such covenant or restriction, or to specifically enforce the provisions of these Sections."  This provision, specifically excluded from the arbitration provision, allows Mr. Hospitality to bring an action in a court of competent jurisdiction and seek injunctive relief

5

to enforce the covenants and restrictions in the agreement. Further, the inclusion of the phrase "in addition to all other remedies available at law or equity" indicates that Mr. Hospitality is not limited solely to seeking injunctive remedies in pursuing such a claim.

"It is fundamental that where a contract is clear and unambiguous in its terms, the court may not give those terms any meaning beyond the plain meaning of the words contained therein." GEICO Indem. Co. v. Walker, 319 So. 3d 661, 665 (Fla. 4th DCA 2021) (quotation omitted). Because counts III through VII of the complaint relate to the enforcement or breach of covenants or restrictions in the agreement, the trial court erred in compelling arbitration of such claims.[3] Accordingly, we reverse the trial court's order compelling arbitration and remand for further proceedings consistent with this opinion.

Reversed and remanded.

---

[3] Additionally, because we conclude that the contract clearly and unambiguously excluded the challenged claims from mandatory arbitration, we need not decide whether the trial court lacked a legal basis to compel arbitration as to 1906 Collins, a non-party to the employment agreement. See, e.g., Stalley v. Transitional Hosps. Corp. of Tampa, Inc., 44 So. 3d 627, 629 (Fla. 2d DCA 2010) (explaining that "[a]s a general rule, only the actual parties to the arbitration agreement can be compelled to arbitrate," except in limited situations where the nonparty is an authorized agent of a signatory).