# Third District Court of Appeal

## State of Florida

Opinion filed April 29, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0633
Lower Tribunal No. 23-28960-CA-01
_____

**Jose Manuel Saldana San Juan,**
Appellant,

vs.

**FAM Productions LLC, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jason Emilios Dimitris, Judge.

Sanchez Vadillo, LLP, and Maria L. Larrabure, for appellant.

Jessica Edith Herrera Ramos, in proper person.

Before SCALES, C.J., and MILLER and BOKOR, JJ.

SCALES, C.J.

Appellant Jose Manuel Saldana San Juan ("Saldana"), plaintiff below, appeals a final summary judgment in favor of appellees, defendants below, FAM Productions, LLC (a Washington company), FAM Productions, LLC (a Florida company), and Jessica Edith Herrera Ramos ("Herrera").[1] We affirm the principal portion of the summary judgment, which found that any claim by Saldana as lender is limited to a claim against FAM (Washington) on the fourth of four loans. But we reverse that portion of the trial court's summary judgment dismissing Saldana's claim against FAM (Washington) on the fourth loan because the record does not reflect that the trial court adjudicated Saldana's claim that FAM (Washington), through its litigation conduct, waived arbitration. We remand for the trial court to adjudicate this issue in the first instance.

## I.     RELEVANT BACKGROUND

Saldana made a series of four loans to FAM (Washington), each evidenced by a promissory note identifying only FAM (Washington) as the borrower. On December 28, 2023, Saldana filed suit against appellees. While Saldana's lawsuit alleged various causes of action, the gravamen of

---

[1] Notwithstanding this Court's order that they appear through counsel, the two corporate appellees did not file an answer brief or otherwise appear in these appellate proceedings.

Saldana's operative complaint is that appellees, collectively, owed Saldana $550,000, the cumulative amount of the four loans.

Appellees filed a November 26, 2024 motion for summary judgment, arguing that the notes were successive, and that each successive loan satisfied the obligation of the prior loan. The trial court agreed with appellees, and determined that, based on the clear and unequivocal language of the subject notes: (i) the second loan (dated October 1, 2018, in the principal amount of $200,000) replaced a cancelled first loan (dated May 15, 2018, in the principal amount of $100,000); (ii) the third loan (dated November 28, 2018, in the principal amount of $150,000) replaced, cancelled and superseded the second loan; and (iii) the fourth loan (dated December 21, 2018, in the principal amount of $200,000) replaced, cancelled and superseded the third loan.

The trial court also determined that neither FAM (Florida) nor Herrera was a party to any of the notes, and therefore, had no liability for Saldana's claims, irrespective of how such claims were couched. The trial court concluded that, as a matter of law, if Saldana had any cause of action on the notes, it was against only FAM (Washington) and only as to the fourth loan. Finally, with regard to Saldana's claim against FAM (Washington) on the fourth loan, the trial court found that, pursuant to the arbitration provision of

3

the fourth note, the parties agreed to arbitrate, rather than litigate, the dispute regarding the fourth loan. And the trial court – finding FAM (Washington) had raised the arbitration issue in its initial responsive pleading – rejected Saldana's argument that FAM (Washington) had waived arbitration. Thus, the trial court dismissed Saldana's claim against FAM (Washington) on the fourth loan without prejudice to Saldana pursuing arbitration against FAM (Washington) on that claim.[2] The trial court entered a March 6, 2025 final summary judgment for appellees reflecting these determinations, which Saldana timely appealed.

## II. DISCUSSION

We affirm the trial court's determinations that any claim Saldana may have is against FAM (Washington) only and is limited to Saldana's claim on the fourth loan. On our *de novo* review,[3] we find that appellees met their initial burden, and that the summary judgment record reveals no genuine factual dispute as to these determinations. Rich v. Narog, 366 So. 3d 1111, 1118 (Fla. 3d DCA 2022) ("[O]nce the moving party satisfies [its] initial

---

[2] The trial court's termination of the second and third loans in the summary judgment order extinguished their arbitration clauses.

[3] The appellate court reviews a summary judgment *de novo*. Septentriona Domus, LLC v. Keystone Morgan Real Estate & Prop. Mgmt. LLC, 406 So. 3d 1017, 1019 n.4 (Fla. 3d DCA 2025).

4

burden, . . . it is incumbent upon the nonmoving party to come forward with evidentiary material demonstrating that a genuine issue of fact exists as to an element necessary for the non-movant to prevail at trial."); see Fla. R. Civ. P. 1.510(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

We reverse, however, that portion of the final summary judgment dismissing, without prejudice to arbitration, Saldana's claim against FAM (Washington). It does not appear that the trial court adjudicated that portion of Saldana's waiver argument asserting that FAM (Washington) had, through its litigation conduct, waived arbitration.

The trial court dispensed with Saldana's arbitration waiver argument by expressly determining that FAM (Washington) raised its right to arbitration in an affirmative defense in its first responsive pleading. Nothing in the record indicates, however, that the trial court addressed, much less adjudicated, Saldana's argument that FAM (Washington) waived arbitration by actively participating in the litigation during the nine-month period between the filing of Saldana's complaint and FAM (Washington)'s filing of its summary judgment motion. See Raymond James Fin. Servs., Inc. v. Saldukas, 896 So. 2d 707, 711 (Fla. 2005) ("[A party's contract rights [to arbitration] may be

5

waived by actually participating in a lawsuit or taking action inconsistent with that right.").

The issue, apparently left unresolved by the trial court, is whether FAM (Washington), having pled a right to arbitration as an affirmative defense, nevertheless waived arbitration of Saldana's claim on the fourth loan by its litigation conduct (including its engaging in discovery). A party that timely asserts a right to arbitration may still waive it by later conduct that is inconsistent with arbitration. Glenn B. Wright Constr. & Dev. v. Cohara, 87 So. 3d 1276, 1278 (Fla. 4th DCA 2012); Green Tree Servicing, LLC v. McLeod, 15 So. 3d 682, 687 (Fla. 2d DCA 2009) ("A party's active participation in a lawsuit is inconsistent with arbitration. . . . A party who timely asserts the right to arbitration may still waive the right by later conduct that is inconsistent with the arbitration request.").

Because we are reticent to decide (as Saldana urges) the arbitration waiver issue in the first instance, we remand this issue to the trial court. Specifically, on remand, the trial court shall conduct whatever proceedings it deems necessary to adjudicate Saldana's assertion that FAM (Washington) waived, through its litigation conduct, its entitlement to arbitration of Saldana's claim against it on the fourth loan.

Affirmed in part; reversed in part and remanded with instructions.